## DeRose, Appellant, *v.* Lombardi.

Argued November 14, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

*James J. DeMarco,* for appellant.

*Richard J. Gordon,* with him *Dilworth, Paxson, Kalish, Kohn & Dilks,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, January 7, 1964:

Joseph DeRose is the payee on two judgment notes totalling $25,000. The notes are dated February 16, 1950, payable one year after date, and each is signed as follows:

> "Joseph Lombardi & Sons
> by Joseph Lombardi"

Both notes contain a warrant of attorney to confess judgment, and, upon leave of court, judgment was confessed against Joseph Lombardi, Dominic J. Lombardi, Robert Lombardi, Joseph P. Lombardi, Jr., and Joseph Lombardi & Sons. The confession of judgment was supported by affidavits alleging that at the time of execution of the notes, Joseph Lombardi & Sons was a partnership consisting of the above named individuals and Horace N. Lombardi who had passed away prior to the entry of the notes of record. The affidavit further averred that Joseph Lombardi had executed the notes on behalf of the partnership and with the authority and knowledge of the individual partners.

Robert Lombardi filed a motion to strike the judgment in which he urged that it had been entered against persons not parties to the note and that the warrant

of attorney was insufficient in law to authorize the prothonotary to enter judgment against the persons named because of the absence on the face of the notes of any authority in the signer. The matter was heard in the Court of Common Pleas of Philadelphia County, and the motion to strike was granted. Hence, this appeal.

A subsequent motion to strike was filed by the other defendants who alleged the two grounds already stated, plus a third basis upon which to strike off the judgments, the Uniform Partnership Act, March 26, 1915, P. L. 18, 59 P.S. §§1-151. Their motions were likewise granted, and an appeal was taken.

The rulings of the court below striking the judgments are in error. Although the judgments herein confessed may be voidable, they are not void. Defendant-appellees' remedies are by way of petition to open the judgments in order to litigate the question of authority which, in the final analysis, will be a question of fact.

The Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28, as amended, June 10, 1957, P. L. 281, No. 142, §1, 12 P.S. §739 (Supp. 1962), defines the duty of the prothonotary in docketing judgments by confession. This Court has previously ruled that the Act does not limit the power of the prothonotary to docket judgments only against persons whose names appear in full on the face of the warrant. The prothonotary has the power to inquire into the identity of the persons who comprise any entity whose name appears on the note. *Jamestown Banking Co. v. Conneaut Lake Dock & Dredge Co.*, 339 Pa. 26, 14 A. 2d 325 (1940). If the identity of the persons comprising a partnership is disclosed in a filed suggestion or declaration, the prothonotary may docket the judgments against those persons. *Miller v. The Royal Flint Glass Works*, 172 Pa. 70, 33 Atl. 350 (1895); see *Russeck v. Shapiro*, 170 Pa.

Superior Ct. 89, 84 A. 2d 514 (1951). The filing of the affidavits in the instant case accomplished the same purpose. Accordingly, the judgments were not defective on their face and may not be stricken. The only attack is by way of petition to open.

As to Joseph Lombardi who signed the notes, the granting of the motion to strike was clearly improper. The Uniform Partnership Act, March 26, 1915, P. L. 18, 59 P.S. §§1-151, does not affect the liability of the partner who actually executes an obligation. *Fairman Bros. v. Ogden Gas Co.,* 106 Pa. Superior Ct. 130, 136, 161 Atl. 634, 637 (1932); see *Mullen v. Slupe,* 360 Pa. 485, 489, 62 A. 2d 14, 15 (1948).

Our decision in *Mullen v. Slupe,* supra, in which the judgment as to non-signing partners was stricken, is easily distinguished. There was no averment of the names of the persons in the partnership, there was no allegation of the partner's authority to execute the obligation, and it did not appear of record that the person who executed the instrument was in fact a partner. As already indicated, the affidavits filed in the case at bar supply those allegations to give the notes prima facie validity.

Appellees' reliance on the Uniform Partnership Act is of no avail. That Act has no bearing on the issue of the propriety of striking the judgments, but goes to the question of ultimate liability to be raised in a petition to open. Section 9 of the Act (59 P.S. §31) reads: "(3) Unless authorized by the other partners, or unless they have abandoned the business, one or more but less than all the partners have no authority to: . . . (d) Confess a judgment, . . . ."

Pursuant to this section, if the appellees other than Joseph Lombardi can establish that these notes were executed without their authority, the judgments may be invalid as to them. But the Act does not change the method of entering judgments by confession or the au-

thority of the prothonotary. It simply provides a defense which can only be established of record by petitioning to open the judgments.

The orders striking the judgments are reversed; the court below is directed to reinstate the judgments on the record.