Parkview Consumer Discount Company *v.* Goss, Appellant.

Submitted September 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

 petition for reargument refused January 17, 1975.

*Andrew K. Parker,* for appellant.

*William Harvey Wiest,* for appellee.

OPINION BY JACOBS, J., December 11, 1974:

This is an appeal from the order of the lower court refusing to open a default judgment. We agree that the judgment should not have been opened and affirm the lower court's order.

The present action was commenced on June 8, 1973, when plaintiff filed a complaint in assumpsit. The complaint, which notified defendant-appellant to plead within 20 days from service or risk a default judgment, was served on appellant on June 25, 1973. When no pleading from appellant was forthcoming, plaintiff, on August 15, 1973, filed a praecipe for a default judgment. Judgment was entered that same day. On September 20, 1973, appellant filed a petition to open the default judgment. The lower court denied the petition and this appeal followed.

The decision to open a default judgment is within the discretion of the court below, and our Court will not

reverse the lower court's decision unless there has been an abuse of discretion. *Slott v. Triad Distribs., Inc.,* 230 Pa. Superior Ct. 545, 327 A.2d 151 (1974). However, it is well established that a default judgment entered in an assumpsit action will not be opened by the court unless each of the following requirements has been complied with by the defendant: the petition to open has been promptly filed; the petition satisfactorily explains the defendant's failure to plead within the required time limit; and the petition sets forth a meritorious defense. *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973) ; *Beam v. Carletti,* 229 Pa. Superior Ct. 168, 323 A.2d 180 (1974).

In the present case, there is no explanation in appellant's petition to open or in any other part of the record of his failure to plead to plaintiff's complaint. Accordingly, it was proper for the lower court to deny the petition to open the judgment. However, appellant's main objection to the entry of the default judgment is that plaintiff is not the real party in interest as required under Pa. R.C.P. 2002. It appears on the record that plaintiff had assigned its interest in the contract to The First Pennsylvania Banking and Trust Company. See Printed Record at 6a. This objection should have been raised on a petition to strike for a defect appearing on the record. *Sterling Elec. & Furniture Co. v. Peterson,* 409 Pa. 435, 187 A.2d 285 (1963). It is clear that appellant in the present case sought to *open* the judgment and *not strike* it. See Brief for Appellant at 13.

However, appellant should be protected from any claims made on behalf of the assignee of the contract. Accordingly, any payments made by appellant to plaintiff or any execution proceeded upon by plaintiff must be accompanied by sufficient safeguards to prevent a repetition of such claims by the assignee. *See Sterling*

*Elec. & Furniture Co. v. Peterson,* supra. The plaintiff
is charged with that obligation.
 Order affirmed.