645 A.2d 843

MANOR BUILDING CORPORATION, a Massachusetts Corporation, as Successor in Interest to Westinghouse Credit Corporation, a Delaware Corporation, and Continental Realty Credit, Inc., a Massachusetts Corporation

v.

MANOR COMPLEX ASSOCIATES, LTD., a Pennsylvania Limited Partnership, Appellant.

Superior Court of Pennsylvania.

Argued April 18, 1994.

Filed July 18, 1994.

248

Steven T. Shreve, Pittsburgh, for appellant.

Robert L. Byer, Pittsburgh, for appellees.

Before CAVANAUGH, WIEAND, McEWEN, CIRILLO, BECK, TAMILIA, KELLY, POPOVICH and SAYLOR, JJ.

CIRILLO, Judge:

Appellant Manor Complex Associates, Ltd. (Manor) appeals from an order of the Court of Common Pleas of Allegheny County denying its motion to strike the confessed judgment entered against it on a second mortgage security agreement. The judgment was in the amount of $4,832,572.82. We affirm.

On April 28, 1988, Manor executed a security agreement granting a second mortgage to ComFed Savings Bank [1] as security for a $5,500,000.00 note. Manor also executed an assignment of rents and leases to ComFed in connection with that second mortgage. The following year, ComFed assigned its interest in the mortgage to appellee Continental Realty Credit, Inc. (Continental). Continental then assigned the

1.  ComFed Savings Bank is not a party to this appeal.

mortgage and rents and leases to appellee Westinghouse Credit Corporation (Westinghouse). In its complaint in confession of judgment, Continental averred that it retained an ownership interest in the mortgage. The language in the assignment, however, reads as follows:

Continental Realty Credit, Inc., ... holder and owner by Assignment of even date recorded herewith of: (a) a Mortgage–Security Agreement to it from Manor Complex Associates, Ltd., ... and (b) an Assignment of Rents and Leases executed in connection therewith ... hereby assigns and transfers all of Continental's right, title and interest in the Mortgage and Assignment to Westinghouse Credit Corporation ..., without recourse.

Assignment of Mortgage and Assignment of Rents and Leases, R.28a.

On December 27, 1990, Manor defaulted on the second mortgage and, pursuant to the terms of the mortgage which included a confession of judgment/warrant of attorney clause, Continental and Westinghouse filed a complaint in confession of judgment against Manor on April 8, 1991. Judgment was entered that same day.

On April 11, 1991, Manor filed for Chapter 11 bankruptcy, but on January 29, 1992, the case was dismissed effective March 16, 1992. Thereafter, on March 16, 1992, Continental and Westinghouse assigned the rents and leases as well as the April 8, 1991 judgment to appellee Manor Building Corporation [hereinafter referred to as MBC]. On April 20, 1992, appellant Manor filed a petition to strike the judgment.

In its petition, Manor alleged that the judgment failed to comply with Pennsylvania Rules of Civil Procedure 2002(a) (pertaining to real party in interest) and 2954 (providing that judgment be entered in the name of the holder, assignee, or other transferee). Manor argued, therefore, that there existed a defect on the record and that the judgment should be stricken. The trial court disagreed and denied the petition. Manor filed this appeal, and now presents the following claims:

1.  Whether Plaintiffs Continental and Westinghouse properly confessed judgment against Defendant Manor in accordance with Pa.R.C.P. 2954?

2.  Whether Plaintiffs Continental and Westinghouse carried their burden of proving their interest in the note and mortgage?

3.  Whether the inclusion in the record of contradictory averments constitutes a defect on the face of the record?

4.  Does an assignment attached to a complaint constitute part of the record?

5.  Whether contradictory averments of fact introduced into a record must all be accepted as true by the court?

■■■ As the trial court noted, Manor decided to forego a petition to open [2] and proceeded solely on a motion to strike. *See Parkview Consumer Discount Co. v. Goss,* 231 Pa.Super. 50, 332 A.2d 827 (1974). We, therefore, confine our review accordingly.

■■■ A motion to strike a judgment operates as a demurrer to the record and will only be granted if a fatal defect or irregularity appears on the face of the record or judgment. *DeCoatsworth v. Jones,* 536 Pa. 414, 639 A.2d 792 (1994); *Franklin Interiors v. Wall of Fame Management Co., Inc.,* 510 Pa. 597, 511 A.2d 761 (1986); *Commonwealth National Bank v. Boetzelen,* 338 Pa.Super. 237, 487 A.2d 943 (1985).

**2.** A petition to strike and a petition to open are two forms of relief with separate remedies; each is intended to relieve a different type of defect in the confession of judgment proceedings. *See* Pa.R.C.P. 2959 (Relief from judgment by confession/striking off or opening judgment).

A petition to strike off the judgment reaches defects apparent on the face of the record, *Equibank, N.A. v. Dobkin,* 284 Pa.Super. 143, 425 A.2d 461 (1981); *Commonwealth National Bank v. Boetzelen,* 338 Pa.Super. 237, 487 A.2d 943 (1985); *C–Rich Co. v. Davis,* 383 Pa.Super. 31, 556 A.2d 413 (1989), while a petition to open the judgment offers to show that the defendant can prove a defense to all or part of the plaintiff's claim. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938). When an alleged defect in the judgment entered by confession is based upon a matter *outside* the record, the proper approach is to seek to have the court open the judgment. Proceedings to open a judgment involve equitable principles, and only those judgments which warrant equitable interference will be opened. *Keystone Bank v. Flooring Spec., Inc.,* 513 Pa. 103, 518 A.2d 1179 (1986).

The defect which is a matter of record or which appears from the face of the judgment must be alleged in the application. *Albert Einstein Medical Center v. Forman*, 212 Pa.Super. 450, 243 A.2d 181 (1968). Further, "being in derogation of important rights on behalf of the debtor, any ambiguity in the warrant of attorney authorizing confession of judgment must be resolved against the party in whose favor the warrant is given." *Kline v. Marianne Germantown Corp.*, 438 Pa. 41, 263 A.2d 362 (1970).

A judgment entered by confession must be self-sustaining and may not be entered when the court must consider matters outside the instrument in order to support the judgment. *Colony Federal Savings & Loan Assoc. v. Beaver Valley Engineering Supplies Co.*, 238 Pa.Super. 540, 361 A.2d 343 (1976). When a proceeding to confess judgment is instituted by complaint, the complaint and confession of judgment clause must be read together to determine whether there are defects on the face of the record. *Parliament Industries, Inc. v. Wm. H. Vaughan & Co.*, 501 Pa. 1, 459 A.2d 720 (1983). *See generally* Goodrich–Amram 2d §§ 2951–2954. The facts averred in the complaint are to be taken as true; if the factual averments are disputed, the remedy is by a proceeding to open the judgment and not by a motion to strike. *Van Arkel & Moss Properties, Inc. v. Kendor, Ltd.*, 276 Pa.Super. 547, 551, 419 A.2d 593, 595 (1980).

Manor argues that judgment in favor of both Continental and Westinghouse was improper and contrary to Pa.R.C.P. 2954 as Continental did not retain an interest in the mortgage when it assigned the instrument to Westinghouse. We disagree.

A negotiable instrument is an instrument capable of transfer by endorsement or delivery. Negotiability provides a means of passing on to the transferee the rights of the holder, including the right to sue in his or her own name, and the right to take free of equities as against the assignor/payee. *See Fischbach & Moore v. Philadelphia National Bank*, 134 Pa.Super. 84, 3 A.2d 1011 (1939). The purpose of the Com-

mercial Code is to enhance the marketability of negotiable instruments and to allow bankers, brokers, and the general public to trade in confidence. *See* Uniform Commercial Code, Article 3, Negotiable Instruments, 13 Pa.C.S. §§ 3101 *et seq. See also First National Bank of Blairstown v. Goldberg,* 340 Pa. 337, 17 A.2d 377 (1941). As a matter of sound economic policy, the Commercial Code encourages the free transfer and negotiability of commercial paper to stimulate financial inter-dependence.

▆▆▆ The Commercial Code declares that the negotiable character of an instrument, otherwise negotiable, is not affected by a provision which authorizes a confession of judgment on the instrument if it is not paid when due. *See* 13 Pa.C.S. § 3104(a). *See also Home Credit Co. v. Preston,* 99 Pa.Super. 457 (1930). *Compare Green v. Dick & Shope,* 72 Pa.Super. 266 (1919) (a warrant of attorney, authorizing confession of judgment "at any time after the above note becomes due," does not affect the negotiability of the instrument) *with Bittner v. McGrath,* 186 Pa.Super. 477, 142 A.2d 323 (1958) (note containing warrant to confess judgment "at any time" is a nonnegotiable instrument).

▆▆▆ A judgment by confession may be entered only in the name of a holder or, unless expressly forbidden in the instrument, in favor of the assignee or other transferree. Pa.R.C.P. 2951, 2954. The facts which entitle a real party in interest, other than the original payee of the instrument, to confess judgment thereon must appear of record, generally in the complaint for confession of judgment. *See* Pa.R.C.P. 2952(c) (a statement of assignment of the instrument shall be included in the complaint for confession of judgment).[3] Other-

---

3. Pennsylvania Rule of Civil Procedure 2952 provides in part:

**RULE 2952. COMPLAINT. CONTENTS**
The complaint shall contain the following:

$$* \quad * \quad * \quad * \quad * \quad *$$

(c) a **statement** of any assignment of the instrument;

$$* \quad * \quad * \quad * \quad * \quad *$$

Pa.R.C.P. 2952(c) (emphasis added). The rule does not require that an executed assignment be attached to the complaint in confession of judgment; a recital of assignment is sufficient. *See Weitzman v. Ulan,*

wise, the judgment will be stricken. *Weitzman v. Ulan,* 304 Pa.Super. 204, 450 A.2d 173 (1982); *Fourtees Co. v. Sterling Equipment Corp.,* 242 Pa.Super. 199, 363 A.2d 1229 (1976); *cf. Testa v. Lally,* 161 Pa.Super. 478, 55 A.2d.552 (1947). "Our concern, therefore, is whether the record as filed by [Continental and Westinghouse] is adequate to sustain the judgment or is defective in some way." *Davis v. Woxall Hotel, Inc.,* 395 Pa.Super. 465, 468, 577 A.2d 636, 638 (1990). With these principles in mind, we will review the complaint and instrument before us.

The following are the relevant allegations in the complaint in confession of judgment:

5. The Mortgage was assigned to Continental by ComFed Savings Bank ("ComFed") by Assignment of Mortgage and Assignment of Rents and Leases dated April 20, 1989 (the "Assignment"). Continental, pursuant to a collateral assignment dated April 20, 1989 (the "Collateral Assignment") assigned the Mortgage to Westinghouse as collateral pursuant to a Revolving Credit and Security Agreement dated April 18, 1989, although reserving its ownership interest therein.

\* \* \* \* \* \*

7. Section 29 of the Mortgage authorizes judgment to be confessed against Defendant [Manor] in the event of a default under a certain note (the "Note"), issued by Defendant in favor of ComFed, the Mortgage or any of the Loan Documents, as that term is defined under the Mortgage.

8. Default was made by Defendant in the payment of the installment of THIRTY–SEVEN THOUSAND FIVE HUNDRED EIGHTY AND 21/100 ($37,580.21) Dollars due on December 27, 1990 and in the payment of all subsequent installments, whereby the Mortgage is in default and all

304 Pa.Super. 204, 212, 450 A.2d 173, 177–78 (1982) ("The rule requires only that the complaint contain a 'statement of any assignment of the instrument.' ").

indebtedness under the Note is immediately due and payable by the Defendant as set forth in the Mortgage.

\* \* \* \* \* \*

Complaint, ¶¶ 5, 7, 8.

The confession of judgment clause in the Second Mortgage Security Agreement between Manor, the Mortgagor, and ComFed, the Mortgagee, provides:

17. In the event of default ... the entire principal and interest due on the Note hereby secured together with any amount paid or expended by the Mortgagee under the terms of this Mortgage or under any of the foregoing other agreements or obligations, shall, at the option of the Mortgagee, become immediately due and payable.

18. A. The word "Mortgagor," as used herein, shall mean the person, persons, entity and/or entities named at the beginning of this instrument as the Mortgagor, and any subsequent owner or owners of the equity of redemption of the mortgaged premises or the Personal Property....

B. The words "Holder" or "Mortgagee," as used herein, shall each mean the Mortgagee named at the beginning of this instrument, and any subsequent holder or holders of this Mortgage.

\* \* \* \* \* \*

29. Upon the occurrence of a default hereunder, ... the Mortgagor hereby irrevocably authorizes and empowers any attorney of record, or the Prothonotary or Clerk of any court in the Commonwealth of Pennsylvania or elsewhere, to appear for the Mortgagor in any such court at any time, and from time to time, and therein to confess or enter judgment against the Mortgagor for the full amount of the indebtedness secured hereby as such indebtedness is evidenced by an affidavit signed by a duly authorized designee of Mortgagee setting forth the amount of such indebtedness....

Continental and Westinghouse alleged the assignment from ComFed to Continental in their complaint. They also

alleged the collateral assignment from Continental to Westinghouse, specifically averring the following in paragraph 5: **"Continental ... assigned the Mortgage to Westinghouse as collateral pursuant to a Revolving Credit and Security Agreement dated April 18, 1989, although reserving its ownership interest therein."** Continental pledged the mortgage to Westinghouse; Continental retained an ownership interest in the mortgage and Westinghouse was granted a security interest. These facts were verified by both Continental and Westinghouse.

Although not required, Continental and Westinghouse attached to their complaint a copy of the assignment from ComFed to Continental and a copy of the collateral assignment from Continental to Westinghouse. *See* Pa.R.C.P. 2952(c); *Brown v. Esposito,* 157 Pa.Super. 147, 42 A.2d 93 (1945); *see also Weitzman, supra.* Manor contends that the statement of assignment in the complaint, wherein Continental reserves its ownership interest in the Mortgage, is contradicted by the language in the collateral assignment and, therefore, the judgment should have been stricken. We disagree. We do not find that the assignment is necessarily inconsistent with the allegation in the complaint that an ownership interest was retained. Further, Manor's argument presumes that the attachment, the collateral assignment, takes precedence over the factual averments in the complaint.

"The facts averred in the complaint in confession of judgment are to be taken as true; if the factual averments are disputed, the remedy is by a proceeding to open the judgment and not by a motion to strike." *Van Arkel & Moss Properties v. Kendor, Ltd.,* 276 Pa.Super. 547, 551, 419 A.2d 593, 595 (1980). Here, despite the fact that the assignment executed by Continental to Westinghouse was attached to the complaint, the facts in the complaint take precedence in these proceedings. *Id.* Had Manor wished to attack the facts averred in the complaint, it was required to go beyond the face of the record and petition the court to open the judgment. *See DeRose v. Lombardi,* 413 Pa. 258, 196 A.2d 336 (1964) (questions of fact must be resolved by a petition to open); *see*

*also Northway Village No. 3, Inc. v. Northway Properties, Inc.*, 430 Pa. 499, 244 A.2d 47 (1968).

We are, therefore, convinced that Continental is a real party in interest and was authorized to confess judgment against Manor. *See Brown et al. v. Esposito*, 157 Pa.Super. 147, 42 A.2d 93 (1945) (assignees suing in their own name are not required to set out assignment verbatim or attach a copy of assignment as an exhibit to their pleading; it is sufficient if they state facts and date of assignment and parties thereto). *Cf. Fourtees, supra* (confessed judgment stricken where there was no evidence on the record that appellee was the real party in interest).

Additionally, we point out that in a cause where the sole defense is payment, Manor has not disputed the default nor alleged that it has cured the default. Instead, Manor has attempted to contest on the grounds of standing. In our view, the dispute over which creditor ought to be paid in these circumstances is a matter for the creditors to discern at distribution. We view Manor's tactics as an undertaking in delay, the type of delay which not only stalls execution, but which inflates the cost of borrowing money and chokes the policies of our Commercial Code. This is especially true since interest on the note and mortgage ceases when the judgment is entered on the bond and warrant.

For the foregoing reasons, we find that the attachment of the collateral assignment to the complaint is not a fatal defect on the face of the record. *DeCoatsworth, supra.* Accordingly, we affirm the trial court's order denying Manor's petition to strike the judgment.

Order affirmed.

CAVANAUGH, McEWEN, BECK, KELLY, POPOVICH and SAYLOR, JJ., join.

WIEAND, J., files a concurring opinion in which McEWEN, BECK and KELLY, JJ., also join.

TAMILIA, J., files a dissenting opinion.

WIEAND, Judge, concurring:

I concur fully in the Court's decision to affirm the learned trial court's order refusing to strike the judgment. I write separately for the purpose of noting my disagreement with the current notion that a motion to strike a judgment is discretionary with the trial court. As the author of the majority opinion correctly observes, "[a] motion to strike a judgment operates as a demurrer to the record and will only be granted if a fatal defect or irregularity appears on the face of the record." See: *Franklin Interiors v. Wall of Fame Management Co., Inc.,* 510 Pa. 597, 599, 511 A.2d 761, 763 (1986); *Parliament Industries, Inc. v. William H. Vaughan & Co., Inc.,* 501 Pa. 1, 8, 459 A.2d 720, 724 (1983). This is a legal issue. A motion to strike, therefore, is not an appeal to the equitable powers of the court; and it is not discretionary with the court. If the record is not self-sustaining, the judgment must be stricken. *Franklin Interiors v. Wall of Fame Management Co., Inc., supra* at 600, 511 A.2d at 763. The flip side of the rule requires that a motion to strike a judgment be denied when there is no defect apparent on the face of the record. It follows as clearly as summer follows spring that a trial court's disposition of a motion to strike a judgment can be reviewed only for error of law. Therefore, an appellate court must conduct its own examination of the record to determine whether the judgment is patently defective. In conducting such review, the appellate court has no greater discretion than the trial court. The issue to be decided is a pure issue of law.

In this respect, a motion to strike a judgment must be distinguished from a motion to open a judgment. It is the motion to open judgment which is an appeal to the equitable powers of the court, and a court's decision thereon will not be reversed on appeal absent an abuse of discretion.

My review in the instant case persuades me, for reasons well stated in the majority opinion, that in refusing to strike the judgment the trial court did not commit an error of law. Therefore, I agree that its order should be affirmed.

McEWEN, BECK and KELLY, JJ., join.

TAMILIA, Judge, dissenting:

For the reasons set forth below, I respectfully dissent to the majority Opinion affirming the May 18, 1992 Order denying Manor Complex Associates, Ltd.'s motion to strike the $4,832,-572.82 confessed judgment entered against it on a second mortgage security agreement. A summary of all transactions and proceedings preceding this appeal follows.

On April 28, 1988, appellant executed a security agreement granting a second mortgage to ComFed Savings Bank[1] as security for a $5,500,000 note. Manor also executed an assignment of rents and leases to ComFed in connection with the second mortgage. On April 20, 1989 ComFed assigned its interest in the mortgage to appellee Continental Realty Credit, Inc. (Continental) and, in turn, Continental assigned the mortgage and rents and leases to appellee Westinghouse Credit Corporation (Westinghouse). Continental avers, however, it retained an ownership interest in the mortgage. On December 27, 1990, Manor defaulted on the second mortgage and, pursuant to the terms of the mortgage which included a confession of judgment/warrant of attorney clause, Continental and Westinghouse filed a complaint in confession of judgment against Manor on April 8, 1991 and judgment was entered that same day. On April 11, 1991, appellant filed for Chapter 11 bankruptcy, but by Order dated January 29, 1992, the case was dismissed effective March 16, 1992. On March 16, 1992, Continental and Westinghouse assigned the rents and leases as well as the April 8, 1991 judgment to appellee Manor Building Corporation. On April 20, 1992, appellant filed its petition to strike judgment,[2] the denial of which is the subject of this appeal.

1. ComFed is not a party to this appeal.

2. The trial court stated that because of the imminence of the pending sheriff's sale on the judgment and the time involved in pursing the process of Pa.R.C.P. 209, defendant/appellant agreed to abandon its petition to open and proceed solely on the petition to strike. (Slip Op., Strassberger, J., 7/21/92, p. 2.) This was unfortunate as the motion to open would have addressed the equitable issues, as indicated in the majority Opinion, and appellant would have been in a better position to argue the existence of factual issues at trial.

A motion to strike a judgment operates as a demurrer to the record and unless a fatal defect appears on the face of the record, the motion will not be granted. *Commonwealth National Bank v. Boetzelen,* 338 Pa.Super. 237, 487 A.2d 943 (1985). When a proceeding to confess judgment is instituted by complaint, the complaint and confession of judgment clause must be read together to determine whether there are defects on the face of the record. *Parliament Industries, Inc. v. Wm. H. Vaughan & Co.,* 501 Pa. 1, 459 A.2d 720 (1983). Appellant argues judgment in favor of both Continental and Westinghouse was improper and contrary to Pa.R.C.P. 2954 as Continental did not retain an interest in the mortgage when it assigned the instrument to Westinghouse. For the reasons set forth below, I agree with the appellant's argument and, therefore, would vacate that portion of the April 8, 1991 judgment entered in favor of appellee Continental.[3]

Although paragraph 5 of appellees' complaint for confession of judgment avers Continental retained an interest when the mortgage was assigned to Westinghouse, the assignment executed by Continental to Westinghouse without recourse and attached to the complaint directly contradicts this averment. Granted, the appellees were not required to attach said assignment, as accurately stated by the majority and the trial court, but because they chose to attach a copy of the legally binding document to their complaint, the assignment thereby became part of the record and subject to the Court's scrutiny. Because appellees have provided no evidence to contradict the assignment executed without recourse, other than their naked averment to the contrary, the issue of who has standing to confess judgment is clearly a matter of law within this Court's scope of review.[4] The record reveals Continental assigned and transferred "all of Continental's right, title and interest in the Mortgage and Assignment [of rents and leases] to West-

3. I would also vacate judgment as to appellee Westinghouse but for different reasons to be discussed at a later point in this dissent.

4. The situation before us is distinguishable from that in *DeRose v. Lombardi,* 413 Pa. 258, 196 A.2d 336 (1964), on which the appellees rely and which held questions of fact must be resolved by a petition to open.

inghouse Credit Corporation ... without recourse," and, therefore, it is not a holder, assignee or transferee of the note and not entitled to judgment. However, for the aforementioned reasons and those which follow, I would find the record did establish appellee Westinghouse's interest in the note which the mortgage security agreement secures.

The mortgage provided in the event of default the money owed on the note, mortgage or any other loan documents secured thereby (mortgage ¶ 29) would become, at the option of the mortgagee, immediately due and payable. The record established Westinghouse as holder of an interest in the mortgage by reason of the April 20, 1989 assignment from Continental. The complaint identified Westinghouse's rights under the mortgage and the holder's right to a confessed judgment upon default of the mortgagor, and averred appellant had defaulted. Westinghouse's right to confess judgment under the mortgage is evident.

Last, appellant argues the judgment must be stricken as it was not confessed in conformity with the cognovit clause of the mortgage agreement. Appellant contends the affidavit evidencing the debt owed to the mortgagee and attached to plaintiffs' complaint fatally failed to include the particulars of the alleged default as is required, appellant argues, by paragraph 29 of the mortgage agreement. My reading of the warrant of attorney paragraph indicates the affidavit must include "the amount of the indebtedness, inclusive of reasonable attorneys' fees, with costs of suit and release of procedural errors," with no mention of a requirement the terms or nature of the debt and/or default must be included. Accordingly, I would find this portion of appellant's argument devoid of merit. However, also with regard to the affidavit necessary to enter judgment, appellant argues the document is legally deficient because Continental, as signator of the affidavit, was not a duly authorized designee of mortgagee as required by paragraph 29. Because I would find Continental does not have an interest in the mortgage upon which judgment has been confessed, I would likewise find the affidavit necessary to establish the mortgagee's indebtedness to be legally deficient.

Regardless of the ultimate outcome of this case and irrespective of whether a motion to open would have been the better vehicle to determine the equitable result in this case, the irregularity on the face of the record is of sufficient legal import that as a matter of law the motion to strike should have been granted. *Fountain Hill Millwork Bldg. v. Belzel*, 402 Pa.Super. 553, 587 A.2d 757 (1991). Therefore, applying the standard of review set forth above, I would be compelled to vacate the April 8, 1991 judgment entered in Westinghouse's favor. This holding would be made without prejudice to Westinghouse to refile the complaint in confession of judgment within the constraints of this dissent's reasoning.