J-A30012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CITIZENS BANK OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN K. LLOYD | |
| Appellant | No. 797 EDA 2015 |

Appeal from the Judgment Entered February 26, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): No. 2014-02601-CT

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 29, 2015**

Appellant, Steven K. Lloyd, appeals from the February 26, 2015 judgment entered in favor of Appellee, Citizens Bank of Pennsylvania (Citizens Bank), for $130,025.30, plus interest from October 23, 2014, pursuant to the order granting Citizen Bank's motion for summary judgment in this debt collection action.  After careful review, we affirm.

The trial court summarized the facts of this case as follows.

> [Citizens Bank's] Complaint alleges the following.  [Lloyd] executed a Business Credit Application which was approved by [Citizens Bank] and that approval was evidenced by an Approval Letter and Business Credit Line Agreement (Agreement) providing [Lloyd] with a Credit Line in the principal amount of $100,000.  The [Application,] Approval Letter[,] and Agreement are collectively

---

[*] Former Justice specially assigned to the Superior Court.

referred to as the Loan Documents. Pursuant to the Loan Documents, the full indebtedness due is payable on demand. By virtue of his failure to make timely payments, [Citizens Bank] provided [Lloyd] with a written notice of default and demand for payment on January 21, 2014. Despite [Citizens Bank's] demand, [Lloyd] failed to pay the amount due resulting in the initiation of the instant action. [Citizens Bank's] Complaint alleges counts for Breach of Contract, Account Stated and Unjust Enrichment.

We … note that [Lloyd] admits that "as the result of serious business reverses, [he] was unable to comply with the terms of the Loan Documents and that an Event of Default thereunder occurred by reason of his inability to repay the Loan as required under its terms." [Lloyd's Answer and New Matter to Motion for Summary Judgment, 12/3/14, at 2, ¶ 8.]

Trial Court Opinion, 5/12/15, at 1-2.[1]

The trial court also detailed the procedural history of this case as follows.

On March 27, 2014, [Citizens Bank] filed the instant collection action based on [Lloyd's] failure to make required payments due under a Business Credit Line Account. [Lloyd] filed his Answer with New Matter on May 21, 2014. [Citizens Bank] filed its Reply to the New Matter on June 9, 2014. [Citizens Bank] then filed its Motion for Summary Judgment on November 12, 2014 to which [Lloyd] filed his Answer and New Matter on December 3, 2014. [Citizens Bank] filed its response to [Lloyd's] New Matter on December 16, 2014. The Motion [for Summary Judgment] and various responses were

_____

[1] The trial court's opinion does not contain pagination. For ease of review, we have assigned each page a corresponding page number.

brought before the [trial court] for disposition on January 27, 2015. On February 4, 2015, [Lloyd] filed an Affidavit in support of his Answer and New Matter. On February 25, 2015[, the trial court] issued the Order [] granting [Citizens Bank's] Motion for Summary Judgment. [Lloyd] timely filed his Notice of Appeal on March 17, 2015.[2]

*Id.* at 1.

On appeal, Lloyd presents the four following issues for our review.

1. Did the [trial] court [] err in granting summary judgment where it applied the wrong statute of limitations under 42 Pa.C.S.A. § 5525(a)(7) to an obligation that was not "a negotiable or nonnegotiable bond, note or other similar instrument in writing?"

2. Did the [trial] court [] err in granting summary judgment where there were genuine contested material issues of fact as to whether the "payment" alleged to have occurred in June of 2010 was in fact, a payment which would have tolled the expiration of the statute of limitations?

3. Did the [trial] court [] err in granting [Citizens Bank's] motion for summary judgment based on an affidavit which purported to authenticate the "loan history," but which "loan history" was neither a copy of any actual business records, a proper compilation of such records, nor did the affidavit contain the required elements to make the record admissible under the provisions of 42 Pa.C.S.A. § 6108?

4. Did the [trial] court [] err in granting the motion for summary judgment by failing to take all facts of record and reasonable inferences therefrom in

---

[2] Lloyd and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

a light most favorable to [Lloyd] who was the non-moving party and in failing to resolve all doubts as to the existence of a genuine issue of material fact against [Citizens Bank] as the moving party and in deciding that [Citizens Bank's] right to judgment was clear and free from all doubt?

Lloyd's Brief at 4-5.

We begin by noting our standard and scope of review of a grant of summary judgment.

> As has been oft declared by [our Supreme] Court, "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1221 (Pa. 2002); Pa. R.C.P. No. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 195 (Pa. 2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt." *Id.* On appellate review, then,
>
> > an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.

- 4 -

> ***Weaver v. Lancaster Newspapers, Inc.***, 926 A.2d
> 899, 902-03 (Pa. 2007) (internal citations omitted).
> To the extent that this Court must resolve a question
> of law, we shall review the grant of summary
> judgment in the context of the entire record. ***Id.*** at
> 903.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (parallel

citations omitted).

In his first and second issues on appeal, Lloyd argues that the trial

court applied the incorrect statute of limitations to find that Citizens Bank

timely initiated this action. "As this matter implicates an issue of statutory

interpretation, our task is to determine the will of the General Assembly

using the language of the statute as our primary guide." ***Technical Servs.,***

***LLC v. River Station Land, LLC***, 124 A.3d 289, 298 (Pa. 2015) (citations

and internal quotation marks omitted).

The parties agree that this action is governed by the four-year statute

of limitations contained in Section 5525 of the Judicial Code, 42 Pa.C.S.A.

§§ 101-9909, but they disagree over whether the applicable statute of

limitations is contained in Section 5525(a)(7) or Section 5525(a)(8). Under

those subsections, the statute of limitations commences upon the occurrence

of different events. Specifically, Section 5525 provides, in relevant part, as

follows.

> **§ 5525. Four year limitation**
>
> (a) General rule.--Except as provided for in
> subsection (b), [relating to actions for identity theft,]

the following actions and proceedings must be commenced within four years:

…

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

…

42 Pa.C.S.A. § 5525(a)(7)-(8).

Herein, the trial court applied the four-year statute of limitations in Section 5525(a)(7). Trial Court Opinion, 5/12/15, at 3. In granting summary judgment in favor of Citizens Bank, the trial court rejected Lloyd's statute of limitations defense, based on its conclusion that the action was timely commenced within four years from when Citizens Bank demanded payment on January 21, 2014. *Id.* The trial court also opined that the June 7, 2010 payment did not affect or toll the calculation of the limitations period because the payment was made before the limitations period began. *Id.*

Lloyd contends that the trial court erred in applying the four-year statute of limitations contained in Section 5525(a)(7) because the loan

agreement was not "a negotiable or nonnegotiable bond, note or other similar instrument." Lloyd's Brief at 16, *quoting* 42 Pa.C.S.A. § 5525(a)(7). In his brief Lloyd asserts that the Loan Documents do not meet the definition of "negotiable instrument" contained in Section 3104 of the Pennsylvania Uniform Commercial Code (PUCC), 13 Pa.C.S.A. §§ 1101-9809. *Id.* at 9-10. Instead, he argues that the four-year statute of limitations contained in Section 5525(a)(8) governs this action because the loan is "a contract, obligation or liability founded upon a writing not specified in [Section(a)(7)]." *Id.* at 19. Lloyd contends that, because Section 5525(a)(8) applies, the limitations period began running when the cause of action accrued, *i.e.*, when Lloyd defaulted on the loan by failing to make a payment in October 2009. *Id.* at 22. He further argues that the July 2010 payment that Citizens Bank withdrew from his checking account does not toll the statute of limitations because Lloyd did not voluntarily remit it. *Id.* at 27. Lloyd asserts Citizens Bank had until October 2013 to file a timely action on the contract; consequently, Citizens Bank's March 27, 2014 complaint was untimely. *Id.* at 22.

We conclude that the trial court was correct in applying the statute of limitations in Section 5525(a)(7) because the loan documents are "a negotiable or nonnegotiable bond, note or other similar instrument in writing." By its terms, Section 5525(a)(7) has three requirements: (1) the action must be based on a writing, (2) that writing is a bond, note, or other

similar instrument, and (3) it is negotiable or nonnegotiable. 42 Pa.C.S.A. § 5525(a)(7). The Judicial Code does not define the operative terms of "negotiable," "nonnegotiable," "bond," "note," or "instrument." **See id.** § 102 (defining various terms for purposes of the Judicial Code).

Our Supreme Court has defined "instrument" for purposes of a related statute of limitations in Chapter 55 of the Judicial Code in **Osprey Portfolio, LLC v. Izett**, 67 A.3d 749, 754 (Pa. 2013). Therein, the Court decided that a written guaranty of a loan allowing the guarantor's business to borrow "up to $50,000" was an "instrument" for purposes of the 20-year limitation period for an instrument under seal at Section 5529(b)(1). **Osprey**, **supra** at 755. The Court considered and rejected the argument that the term "instrument" in the Judicial Code should have the same definition as "negotiable instrument" in Section 3104 of the PUCC. **Id.** (explaining "[t]here is nothing to suggest that Section 5501 was intended to import [the PUCC's definition of instrument] into Chapter 55 of the Judicial Code, particularly as the latter expressly refers to negotiable and nonnegotiable bonds, notes and 'other similar instruments[s].' 42 Pa.C.S.A. § 5525(a)(7)[]"). Instead, the Court defined "instrument" according to its ordinary meaning for purposes of the Judicial Code as "a written document defining rights, duties, entitlements, or liabilities, such as a contract, will, promissory note, or share certificate." **Id.**, *citing* BLACK'S LAW DICTIONARY 813 (8th ed. 2004), WEBSTER'S NEW WORLD COLLEGE DICTIONARY 741 (4th ed. 1999),

***United States v. Int'l Longshoremen's Ass'n***, 518 F. Supp.2d 422, 465 (E.D.N.Y. 2007).

Additionally, this Court has defined a "negotiable instrument" as "an instrument capable of transfer by endorsement or delivery. Negotiability provides a means of passing on to the transferee the rights of the holder, including the right to sue in his or her own name, and the right to take free of equities as against the assignor/payee." ***Manor Bldg. Corp. v. Manor Complex Assocs.***, 645 A.2d 843, 846 (Pa. Super. 1994) (*en banc*). A nonnegotiable instrument is an instrument that is not transferable.

Applying these definitions to the Loan Documents in this case, we first conclude the Loan Documents are an instrument because they define the rights, duties, and liabilities of the parties. The written Business Loan Application, filled out and signed by Lloyd, included a personal guaranty also separately signed by Lloyd, that he would be personally liable for the debt in the event of a default. ***See*** Business Loan Application, 6/2/06. Citizens Bank approved the application and issued a credit line to Lloyd with a limit of $100,000.00 that he could draw on via checks provided by Citizens Bank. Further, the written Business Credit Line Agreement sets forth Lloyd's right to draw on the credit line, the obligation to pay the loan principal and related charges, and the corresponding right of Citizens Bank to obtain payment on demand. It also details the other rights and obligations of the parties.

Therefore, the Loan Documents are an instrument under Section 5525 of the Judicial Code. *See Osprey*, *supra*.

Because the Loan Documents constitute an instrument, whether they are negotiable or nonnegotiable, we conclude that the four-year statute of limitations in Section 5525(a)(7) applies in this case.[3] Section 5525(a)(7) specifies that if the instrument is payable on demand, the limitations period begins at the later of either the last payment or the demand of payment. As we noted above, the Credit Line Agreement specifies that the instrument is payable on demand. Business Credit Line Agreement at 2, ¶ 6.[4] The trial court found that Citizens Bank provided Lloyd with a written notice of default and a demand for payment on January 21, 2014. Accordingly, the four-year statute of limitations period began on January 21, 2014, when Citizens Bank submitted its demand for payment. 42 Pa.C.S.A. § 5525(a)(7).

_____

[3] An instrument may either be negotiable or nonnegotiable for the purposes of Section 5525(a)(7). Because we conclude the Loan Documents are an instrument, they must be either negotiable or nonnegotiable. Therefore, we need not decide the issue because Section 5525(a)(7) applies to both types of instruments.

[4] We also note that the Business Credit Line Agreement purports to be "made as an instrument under seal." Business Credit Line Agreement at 4, ¶ 35. However, the Agreement is not signed by either party. *See Beneficial Consumer Discount v. Dailey*, 644 A.2d 789, 791 (Pa. Super. 1994) (opining that the distance a signature appears from a pre-printed "seal" may affect the validity of the seal). Citizens Bank did not assert that the Agreement qualified as an instrument under seal pursuant to Section 5529. *See* 42 Pa.C.S.A. § 5529(b)(1) (providing that the statute of limitations for instruments under seal is 20 years).

Consequently, the March 27, 2014 complaint was commenced within the four-year limitations period of Section 5525(a)(7).[5] Therefore, the trial court did not err as a matter of law, and Lloyd's first and second issues on appeal are meritless. ***See Osprey***, ***supra***; ***Summers***, ***supra***.

In Lloyd's third issue on appeal, he contends that the trial court erred by considering the "loan history" attached to the affidavit of Brenda Moores because it was not a copy of business records or a compilation thereof. Lloyd's Brief at 30. The trial court found that the affidavit would be admissible under Section 6108 of the Judicial Code. Trial Court Opinion, 5/12/15, at 2. The trial court further noted that it did not base its decision exclusively on the affidavit. ***Id.***

Section 6108 provides, in relevant part, as follows.

> **§ 6108. Business records**
>
> …
>
> **(b) General rule.--**A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

---

[5] Because we have concluded that the statute of limitations commenced when Citizens Bank demanded payment in 2014, we need not address Lloyd's argument pertaining to the voluntariness of the June 2010 payment.

…

42 Pa.C.S.A. § 6108(b).

Citizens Bank attached the affidavit of Brenda Moores, Vice President of Citizens Bank, to its motion for summary judgment. Attached to this affidavit was the loan history document, which was a spreadsheet listing the dates Lloyd took advances and the dates he made payments. In the affidavit, Moores explained that the loan history "truly and accurately sets forth … the dates and amount of payments made by [Lloyd], the interest accrued, the total amount outstanding and the *per diem* interest accrued." Affidavit of Brenda Moores, 10/29/14, at ¶ 5. It also calculated the total amount of indebtedness as $130,025.20. *Id.* at ¶ 6. Moores certified that she made the affidavit on the basis of her personal knowledge. *Id.* at ¶ 7.

We discern no abuse of discretion in the trial court's conclusion that the information contained in the loan history document would be admissible at trial. The spreadsheet was a compilation of information taken from records of regular conducted activity, or business records, and would be admissible at trial with the proper foundation. *See* 42 Pa.C.S.A. § 6108(b).

Additionally, Lloyd admitted that he had defaulted on the loan agreement and was unable to repay his obligation. Lloyd's Answer and New Matter to Motion for Summary Judgment, 12/3/14, at 2, ¶ 8. He did not contest the amount he owed. Instead, he contended that Citizens Bank's collection action was barred by the statute of limitations. *Id.* at ¶¶ 10, 48.

Therefore, even if the loan history was not admissible, Lloyd's admissions were sufficient to enable the trial court to conclude there were no issues of material fact that would preclude summary judgment. Accordingly, the trial court did not err as a matter of law or abuse its discretion in granting summary judgment in favor of Citizens Bank. *See Summers*, *supra*.

In his fourth issue on appeal, Lloyd argues that "[t]here were genuine issues of material fact relating to when the statute of limitations began to run as to [] Lloyd's obligations [] and whether the alleged 'payment' of June 7, 2010 served to toll the running of the statute." Lloyd's Brief at 34. Moreover, he asserts that there were genuine issues of the admissibility of the Moores' affidavit. *Id.* He contends that the trial court improperly resolved those evidentiary conflicts in favor of Citizens Bank, the moving party, instead of in his favor as the nonmoving party. *Id.* While Lloyd characterizes these issues as evidentiary, we have explained above that they are legal, not factual, issues. The trial court did not misapply the standard for summary judgment when resolving these legal issues. *See Summers*, *supra*. Therefore, Lloyd's fourth issue on appeal has no merit.

Based on the foregoing, we conclude Lloyd's issues do not warrant relief, and the trial court did not abuse its discretion or err as a matter of law in awarding summary judgment in favor of Citizens Bank. *See id.* Accordingly, we affirm the trial court's February 26, 2015 judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2015