J-S37019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SELECT PORTFOLIO SERVICING, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIQUEAS SANTANA | : | |
| | : | No. 2294 EDA 2017 |
| Appellant | | |

Appeal from the Order Dated June 14, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  150303452

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED AUGUST 28, 2018**

Miqueas Santana appeals *pro se* from the order of the trial court denying his Petition to Strike the default judgment entered against him in a mortgage foreclosure action. We affirm.

Select Portfolio Servicing, Inc. ("SPS") filed a Complaint in mortgage foreclosure on March 26, 2015. The Complaint alleged that Santana received a loan of $30,400 from another lender in 1997, in exchange for a promissory note ("Note") and mortgage ("Mortgage") on the subject property, which is located in Philadelphia. Compl. at ¶ 4. The Complaint claimed that SPS "directly or through an agent, has possession of the Promissory Note. [SPS] is either the original payee of the Promissory Note or the Promissory Note has been duly indorsed." *Id.* at ¶ 3. SPS attached a copy of the Note as an exhibit to the Complaint. The Complaint also alleged that SPS "is the current

_____

*   Former Justice specially assigned to the Superior Court.

Mortgagee and is in the process of recording an Assignment of Mortgage." *Id.* at ¶ 5. The Complaint stated that the Mortgage was recorded in Philadelphia County, and was incorporated in the Complaint by reference in accordance with Pa.R.C.P. 1019(g).[1] *Id.* at ¶ 4. According to the Complaint, Santana stopped making payments on the Note in 2014, and was in default. *Id.* at ¶ 7.

SPS served the Complaint and a Notice to Defend on April 21, 2015, and filed of record a return of service so stating. *See* Trial Court Opinion, filed October 11, 2017, at 1; Affidavit/Return of Service, 4/22/15, at 1. The documents were delivered to an adult family member who resides with Santana, at Santana's residence. Trial Ct. Op. at 1; Affidavit/Return of Service, 4/22/15, at 1. Santana did not respond.

SPS served a Notice to Enter Default Judgment upon Santana, pursuant to Pa.R.C.P. 237.1, at his residence, on June 26, 2015. Trial Ct. Op. at 1. Santana did not respond.

---

[1] Per Pa.R.C.P. No. 1019(g):

A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county.

SPS filed a Praecipe for Default Judgment on September 29, 2015. Trial Ct. Op. at 1-2. The Prothonotary entered default judgment against Santana that same day.[2] *Id.* at 2

SPS filed a Praecipe for a Writ of Execution on August 8, 2016. Trial Ct. Op. at 2. The court issued the Writ of Execution and scheduled a sheriff's sale of the property for December 6, 2016. *Id.* SPS served a Notice of Sheriff's Sale to the adult brother of Santana, at Santana's residence, on August 21, 2016.[3] *Id.*

In response, Santana filed a *pro se* Motion for Payment into the Court on September 1, 2015, which was denied. *See* Mot., 9/21/16; Order, 9/23/16. Santana filed another *pro se* Motion for Payment into the Court on November 17, 2016. *See* Mot., 11/17/16.

On December 6, 2016, as scheduled, the Sheriff sold the subject property and executed a deed to the property to the buyer. Trial Ct. Op. at 2. Santana's Motion for Payment into the Court was thereafter denied. *See* Order, 12/27/16.

Nearly six months after the subject property was sold, on May 1, 2017, Santana filed a *pro se* Petition to Strike Judgment. The 26-page document set

---

[2] Pa.R.C.P. No. 1037(b) states, "The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend[.]"

[3] The trial court states that service occurred on August 23, 2016, but the documents in the record indicate that service occurred on August 21. *See* Affidavit of Service, 11/23/16.

forth 47 points of argument and ten "affirmative defenses." *See* Petition to Strike, 5/1/17, at 3-6. Mainly, Santana claimed that SPS lacked standing to enforce the Mortgage at the time it filed for foreclosure, as SPS had allegedly failed to prove that the Note had been endorsed to it, or provide a copy of the Mortgage Assignment. *Id.*

In its Opposition to the Petition, SPS reasserted that it possessed the Note, which it claimed had been indorsed in blank, and clarified that the Mortgage had been assigned to SPS on November 6, 2014, and recorded in Philadelphia County on December 26, 2014. *See* Opposition to Pet. to Strike, 5/19/17, at ¶¶ 12, 15. SPS attached a copy of the Mortgage Assignment as an exhibit. *Id.* at Ex. P4.

The trial court heard argument on the Petition to Strike on June 14, 2016, and denied the Petition.[4] Santana filed a Notice of Appeal,[5] and raises multiple issues:

> 1. Did [SPS] have standing to enforce the note and foreclose on the mortgage attributable to [the subject property] on or before March 26, 2015?
>
> 2. Is [SPS]'s lack of standing to sue [Santana] on or before March 26, 2015[,] a Fatal Defect and Irregularity on the record?
>
> 3. Is [SPS]'s Lack of Ratification of Commencement on or before March 26, 2015[,] a Fatal Defect on the record?

_____

[4] The order denying the Petition to Strike was docketed June 15, 2017.

[5] The court did not order Santana to file a 1925(b) Statement of Errors Complained of on Appeal, and he did not file one.

4. Was [SPS Santana's] Creditor on or before March 26, 2015?

5. Did [SPS] own the promissory note attributed to [Santana] on or before March 26, 2015?

6. Does [SPS's] lack of ownership of the promissory note attributed to [Santana] on or before March 26, 2015[,] constitute a Fatal Defect or irregularity on the record?

7. Was [SPS] a Real Party in Interest regarding [the subject property] on or before March 26, 2015?

8. Was [SPS] a Holder in Due Course of the promissory note attributed to [Santana] on or before March 26, 2015?

9. Was [SPS] just an unknown and unrelated third party Debt Collector regarding [the subject property] on or before March 26, 2015?

10. Is [Santana] a consumer?

11. Did [SPS] claim [Santana] owed a debt to [SPS] associated with the case at bar?

12. Did [Santana] dispute the debt claim of [SPS] associated with the case at bar?

13. Did [SPS] validate the debt it claimed [Santana] owed [SPS]?

14. Did [SPS] verif[y] the debt it claimed [Santana] owed [SPS]?

15. Is an unvalidated debt from a Debt Collector a Fatal Defect on the Record?

16. Is an unverified debt from a Debt Collector a Fatal Defect on the record?

17. Is an unverified complaint of [SPS] an irregularity and Fatal Defect on the record?

18. Did [SPS] provide any facts on the record to substantiate their rights to the possession of [the subject property] on or before March 26, 2015?

19. Did [SPS] and [Santana] have a Security Agreement with each other?

20. Do[es] the lack of a security agreement between [Santana] and [SPS] constitute[] a Fatal Defect and irregularity on the record?

Santana's Br. at 17-22 (answers omitted).[6]

In its Rule 1925(a) opinion, the trial court explained that it denied Santana's Petition to Strike because there were no fatal defects or irregularities on the face of the record, nor did Santana claim any. Trial Ct. Op. at 2-4. The court found that Santana's arguments went instead to the merits of the underlying Complaint, and therefore Santana should have filed a petition to open, rather than strike, the default judgment. *Id.* at 4.

"A petition to strike a judgment and a petition to open a judgment are separate and distinct remedies and not interchangeable." *U.S. Bank Nat'l*

_____

[6] Wefki Saleh, who purchased the subject property at the Sheriff's sale and intervened in the proceedings below, petitioned this Court in December 2017 to intervene in the appeal. We granted the Petition. In March 2018, Saleh filed a Motion for an Extension of Time to file an Intervenor's Brief, which we granted; he filed a Second Motion for an Extension of Time in April 2018, which we granted on April 6, 2018. Our *per curiam* order stated, "No further extensions will be granted absent extraordinary circumstances," and that the Intervenor's Brief was to be filed on or before May 2, 2018. Saleh failed to file a brief by May 2, 2018, and instead filed a Third Motion for an extension of time on May 4, 2018. We denied this Third Motion on June 4, 2018; however, in the interim, on May 23, 2018, Saleh filed an Intervenor's Brief. Saleh thereafter filed a Motion for Clarification, questioning whether we had denied his Third Motion for an Extension of Time because it was rendered moot by the filing of his Brief.

We grant the Motion for Clarification and now clarify that we denied Saleh's Third Motion not because it was moot, but because it did not set forth extraordinary circumstances justifying a third extension. As we denied his Third Motion, and he filed his Brief 21 days late, we decline to consider the Brief's contents.

***Ass'n for Pa. Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1027-28 (Pa.Super.), *appeal denied*, 170 A.3d 973 (Pa. 2017). "A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense; a motion to strike a judgment 'is the remedy sought by one who complains of fatal irregularities appearing on the face of the record.'" ***Id.*** (quoting ***Cameron v. Great Atl. & Pac. Tea Co.***, 266 A.2d 715, 717 (Pa. 1970)). Upon a petition to strike a default judgment, the court may only examine the contents of the record at the time it entered judgment, and decide whether the record contains "defects that affect the validity of the judgment." ***Oswald v. WB Pub. Square Assocs.***, ***LLC***, 80 A.3d 790, 794 (Pa.Super. 2013). "The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed." ***Cont'l Bank v. Rapp***, 485 A.2d 480, 483 (Pa.Super. 1984). A petition to strike a default judgment presents a question of law, and hence our standard of review is *de novo*. ***Watters***, 163 A.3d at 1028.

A court deciding a petition to strike must refrain from reviewing the merits of the allegations in the complaint. ***Oswald***, 80 A.3d at 794. Where the factual allegations, liberally construed, support the cause of action, the judgment that the movant seeks to strike is not irregular on its face. ***See Maiorana v. Farmers & Merchs. Bank***, 466 A.2d 188, 191 (Pa.Super. 1983). If a defendant believes the plaintiff in a mortgage foreclosure action is not a party entitled to enforce the mortgage, the proper recourse is to petition the court to open the default judgment and challenge the allegations in the

complaint with facts not of record. ***See US Bank N.A. v. Mallory***, 982 A.2d 986, 993 (Pa.Super. 2009) ("[T]o the extent Appellant believes Appellee was not the legal owner of the mortgage . . . then the proper recourse would have been to go beyond the face of the record and seek to open the judgment on this basis"); ***Manor Bldg. Corp. v. Manor Complex Assocs., Ltd.***, 645 A.2d 843, 848 (Pa.Super. 1994) (stating factual averments in complaint regarding assignment of mortgage should have been challenged through petition to open, not petition to strike).

Here, Santana does not claim that improper service divested the court of jurisdiction, or that the court did not follow the Rules of Civil Procedure in arriving at default judgment, but that SPS lacked standing to pursue mortgage foreclosure and that this was evident on the face of the record. His argument lacks merit.

As stated above, in its Complaint, SPS alleged that it possesses the "duly endorsed" Note, and that it is the mortgagee, by assignment, on the Mortgage securing the Note. Those allegations, taken as true, establish, as a matter of law, that SPS is entitled to enforce the Note and Mortgage. ***See PHH Mortg. Corp. v. Powell***, 100 A.3d 611, 617 n.6, 620 (Pa.Super. 2014) (stating that under the Pennsylvania Uniform Commercial Code, 13 Pa.C.S.A. § 1101-9809, the "holder" of a note secured by a mortgage and indorsed in blank is the person who possesses it, and the holder is entitled to enforce the note); ***Mallory***, 982 A.2d at 992–94 (holding plaintiff need only plead it is assignee on mortgage in order to have standing to enforce mortgage; plaintiff's failure

to attach copy of assignment to complaint was not fatal defect in the record supporting petition to strike). Santana has not set forth any cogent legal argument to the contrary, and so his Petition to Strike fails as a matter of law.

To the extent that Santana sought to obtain relief from the default judgment by challenging the *truth* of the averments in the Complaint, he should have filed a petition to open, and not a petition to strike. ***Id.*** A motion to strike is not a vehicle for challenging the allegations in a complaint or presenting factual arguments to the trial court. ***Id.*** Nor can this Court consider facts outside the record, or contemplate arguments related to those facts for the first time on appellate review. ***See Manor***, 645 A.2d at 845 (confining appellate review to petition to strike when petitioner forewent filing a petition to open).

As Santana fails to bring to our attention any fatal defects or irregularities on the face of the record, we conclude that the trial court did not err in denying his Petition to Strike, and affirm its order so denying.

Order affirmed. Motion for Clarification Granted.

P.J.E. Stevens joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/18