Richard SOVICH, Appellant

v.

ESTATE OF Andrew SOVICH, Jr., Appellee.

Superior Court of Pennsylvania.

Argued March 28, 2012.
Filed Aug. 29, 2012.

James N. Perich, Pittsburgh, for appellant.

Carl B. Zacharia, McKeesport, for appellee.

BEFORE: DONOHUE, J., LAZARUS, J., and OTT, J.

OPINION BY LAZARUS, J.:

Richard Sovich ("Richard") appeals from the order of the Orphans' Court Division of the Court of Common Pleas of Westmoreland County, dismissing his motion to enforce a claim against the Estate of An-

drew Sovich, Jr. ("Andrew"), Deceased. After careful review of the record and the parties' briefs, we affirm.

In 1982, Richard agreed to loan Andrew the sum of $15,000 to assist him in repaying a bank loan after losing his job. Trial Court Decision and Order, 7/12/11, at 1. The loan was memorialized by agreement dated July 26, 1982 ("Agreement"), which provided as follows:

> On this date I am lending to my brother Andy + his family the sum of $15,000.00 to repay a bank loan. This money is to be repaid in a reasonable amount of time (5 years). If it is not repayed (sic) as stated, interest will be added at the prevailing rate after July 1987.
>
> /s/ Richard Sovich   /s/ Andrew Sovich

Loan Agreement, 7/26/82.

After a hearing,[1] the trial court found that, as of the date of Andrew's death on December 2, 2007, Andrew had not made any payments on the loan. *Id.* at 2–3. On March 7, 2008, Richard filed a claim against Andrew's estate. On May 13, 2011, Richard filed a motion to enforce that claim, which the estate opposed. A hearing was scheduled for June 6, 2011 and, by Decision and Order docketed July 13, 2011, the trial court dismissed Richard's claim as barred by Section 3–118(a) of the Uniform Commercial Code ("Code"), codified at 13 Pa.C.S.A. § 3118(a), which imposes a six-year limitation period on notes payable at a definite time. This timely appeal followed, in which Richard raises the following issues for our review.

1. Whether the trial court erred in determining the Agreement between Richard and Andrew Sovich is a ne-

---

1. According to a statement from Richard's counsel contained in the certified record, there was no court reporter present at the hearing in this matter and, thus, no notes of testimony exist.

gotiable instrument under 13 Pa. C.S.A. § 3104?

2. Whether the trial court erred in determining that the statute of limitations applicable to the Agreement is 13 Pa.C.S.A. § 3118?

3. Regardless of the applicable limitations period, whether the trial court erred in failing to recognize an exception to the limitations period due to a confidential relationship between Richard and Andrew Sovich?

4. Was the transaction governed by contract principles, with no demand for payment having been made prior to Andrew Sovich's death?

Brief of Appellant, at 1.

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the trial court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, this Court will not reverse the trial court's credibility determinations absent an abuse of discretion.

*In re Estate of Aiello,* 993 A.2d 283, 287 (Pa.Super.2010).

Richard's first, second, and fourth appellate issues hinge on his assertion that the trial court erred when it found that the Code, rather than general common law contract principles, applied to the Agreement. Richard contends that the Code is inapplicable here because the transaction at issue was personal, rather than commercial, and as such is outside the intended scope of the Code.

In support of his argument, Richard cites to "underlying purposes and policies"

of the Code, as set forth in 13 Pa.C.S.A. § 1103:

(1) to simplify, clarify and modernize the law governing commercial transactions; [and]

(2) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties[.]

13 Pa.C.S.A. §§ 1103(a)(1)-(2). Richard claims that interpreting his intra-family, non-commercial Agreement with Andrew under the Commercial Code would not serve to further these purposes.

■ We begin by noting that the ultimate viability of Richard's claim turns on his characterization of the Agreement as a common law contract rather than a negotiable instrument.[2] However, in his brief, Richard does not address the question of whether the Agreement is, in fact, a negotiable instrument under 13 Pa.C.S.A. § 3104 as determined by the trial court. Section 3104 defines a negotiable instrument as follows:

**§ 3104. Negotiable instrument**

**(a) Definition of "negotiable instrument".**—Except as provided in subsections (c) and (d) [not applicable here], "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of mon-

---

**2.** If the Agreement were interpreted under the law of contracts, Richard asserts that the statute of limitations contained in 42 Pa.C.S.A. § 5525(a)(7) applies, allowing his claim to go forward.

ey, but the promise or order may contain:

(i) an undertaking or power to give, maintain or protect collateral to secure payment;

(ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or

(iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

13 Pa.C.S.A. § 3104(a).

The term "payable to bearer or to order" is defined in 13 Pa.C.S.A. § 3109 as follows:

**§ 3109. Payable to bearer or to order**

**(a) Payable to bearer.**—A promise or order is payable to bearer if it:

(1) states that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment;

(2) does not state a payee; or

(3) states that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

**(b) Payable to order.**—A promise or order that is not payable to bearer is payable to order if it is payable:

(1) to the order of an identified person; or

(2) to an identified person or order

13 Pa.C.S.A. §§ 3109(a)-(b).

Although Richard's brief is silent on this key aspect of this matter, the trial court addressed the matter in its opinion and concluded that the Agreement was, in fact, a negotiable instrument. Our review leads us to the opposite conclusion.

We have previously described the purpose of negotiable instruments as follows:

A negotiable instrument is an instrument capable of transfer by endorse-

ment or delivery. Negotiability provides a means of passing on to the transferee the rights of the holder, including the right to sue in his or her own name, and the right to take free of equities as against the assignor/payee. *Manor Bldg. Corp. v. Manor Complex Assocs.*, 435 Pa.Super. 246, 645 A.2d 843, 846 (1994). Pursuant to the Code, the three requisites of a negotiable instrument are that it: (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (2) is payable on demand or at a definite time; and (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money. *See* 13 Pa.C.S.A. § 3104(a). Here, the Agreement signed by Richard and Andrew does not provide that it is payable either "to bearer" or "to order." *See* 13 Pa.C.S.A. § 3109. Moreover, nothing in the note suggests that it was intended to be capable of transfer. *See Manor Bldg. Corp., supra.* Rather, the document simply memorializes a loan from Richard to Andrew and details the conditions of repayment and interest. As such, the trial court erred in concluding that the Agreement was a negotiable instrument under the Code subject to the statute of limitations contained in 13 Pa. C.S.A. § 3118.

█ The document at issue here is simply a note obligating Andrew to repay Richard the sum of $15,000 five years from the date of the loan. As such, the statute of limitations contained in 42 Pa.C.S.A. § 5525(a)(7) applies. Nevertheless, Richard's claim fails.

Section 5525(a)(7) imposes a four-year limitation on actions "upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be

commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument." 42 Pa.C.S.A. § 5525(a)(7). Richard asserts that the note is payable on demand, with no absolute date at which repayment is due. Thus, Richard claims, the second sentence of section 5525(a)(7) applies and the statute begins to run "from the later of either demand or any payment of principal or interest on the instrument." As Andrew never made any payments on the loan, and Richard only demanded payment in 2008 after Andrew's death, Richard asserts that the action to enforce his claim fell within the statute of limitations. We disagree.

The Agreement, dated July 26, 1982, contains a date certain on which payment is due, which is five years from the date it was signed, or July 26, 1987. Thus, the statute of limitations began to run on July 26, 1987 pursuant to section 5525(a)(7). Accordingly, Richard was required to bring an action to enforce his claim within four years of that date, on or before July 26, 1991. He did not do so and, accordingly, his claim is time-barred.

■ Finally, Richard asserts that his confidential relationship [3] with Andrew exempts his claim from the statute of limitations period. However, a review of the record indicates that Richard did not raise this issue before the trial court, either in his motion to enforce the claim or his memorandum of law in support thereof. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). As such, this claim is waived. [4]

Order affirmed.

DONOHUE, J., files a Concurring Opinion.

---

3. "A confidential relationship occurs when, because of a family relationship or otherwise, one occupies toward another such a position of advisor or counselor as reasonably to inspire confidence that he will act in good faith for the other's interest." *Gurenlian v. Gurenlian*, 407 Pa.Super. 102, 595 A.2d 145, 151–52 (1991), citing *Silver v. Silver*, 421 Pa. 533, 219 A.2d 659 (1966) (quotations omitted).

4. This claim is waived for a second reason. Although the court held a hearing in this matter, the certified record contains no transcript thereof. Instead, there is a statement from Richard's counsel indicating that "there was no Court Reporter and therefore no transcript is available." Notice of Appeal, 8/12/11. Pursuant to Pa.R.A.P. 1923:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and

approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal. Pa.R.A.P. 1923. "The purpose of [Rule 1923] is to provide a reviewing court with an 'equivalent picture' of the proceedings when there is no transcript of the proceedings [available]." *General Equip. Mfrs. v. Westfield Ins. Co.*, 430 Pa.Super. 526, 635 A.2d 173, 183 (1993) (citations omitted). Absent a transcript of the proceedings or a Rule 1923 summary of the proceedings, this Court is without an adequate record to decide whether the issue in question has merit and, as such, the issue is waived for purposes of appeal. *Id.* at 184.

Here, Richard's claim involves an issue of fact, i.e. whether he and Andrew shared a confidential relationship. If Richard wished to make a claim based on evidence adduced at the unrecorded hearing, it was his responsibility to create an "equivalent picture" with which we could review the claim. *See General Equip. Mfrs., supra*. As Richard has failed to provide us with such an "equivalent picture," we must also deem this issue waived for that reason.

CONCURRING OPINION BY
DONOHUE, J.:

While I agree with the learned Majority that the order of the trial court should be affirmed, I disagree regarding the reasons for doing so. Based upon my review of the record on appeal and the relevant statutory provisions, the written agreement at issue here is a negotiable instrument. The trial court thus did not err in ruling that Appellant Richard Sovich's action is barred by 13 Pa.C.S.A. § 3118, the applicable statute of limitations for negotiable instruments. Accordingly, I concur in the result.

As the Majority correctly indicates, Pennsylvania's Uniform Commercial Code provides that a promise to pay a fixed amount of money is a negotiable instrument if it: (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (2) is payable on demand or at a definite time; and (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money. 13 Pa.C.S.A. § 3104(a). In this case, the second and third requisites are clearly satisfied, as the written agreement in question is payable at a definite time (five years) and contains no requirement of the obligor other than repayment.

Regarding the first requisite, the terms "payable on demand" and "payable on order" are defined in 13 Pa.C.S.A. § 3109(a) and (b):

§ **3109. Payable to bearer or to order**

(a) **Payable to bearer.**—A promise or order is payable to bearer if it:

(1) states that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment;

(2) does not state a payee; or

(3) states that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

(b) **Payable to order.**—A promise or order that is not payable to bearer is payable to order if it is payable:

(1) to the order of an identified person; or

(2) to an identified person or order

13 Pa.C.S.A. § 3109(a)-(b).

The written agreement at issue here is "payable to order" because it constitutes a promise that is payable to an identified person (the obligee Richard Sovich). 13 Pa.C.S.A. § 3109(b)(2). Contrary to the Majority's suggestion, nothing in sections 3104 or 3109 requires that the document indicate whether it is payable "to bearer" or "to order". Moreover, I do not agree with the Majority's contention that the case of *Manor Bldg. Corp. v. Manor Complex Assocs.*, 435 Pa.Super. 246, 645 A.2d 843 (1994), adds a fourth requisite, namely that the parties must have intended for the note[1] to be transferable. Instead, all that is required for a negotiable instrument is that it meets the applicable statutory definition.

Pursuant to 13 Pa.C.S.A. § 3118, the applicable statute of limitations to commence an action on a negotiable instrument is six years from the note's payment date. In this case, Appellant Richard Sovich had to file his claim on the note signed by Andrew Sovich, Jr. on and before July 26, 1993. The trial court thus did not err in dismissing this action filed well beyond the expiration of the time period for doing so.

---

1. 13 Pa.C.S.A. § 3104(e) provides that a negotiable instrument is a "note" if it contains an unconditional promise to pay a fixed amount of money.

For the foregoing reasons, I concur only in the result reached by the Majority.