J-A13010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HELEN JONES, | ⋮ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | ⋮ | |
| v. | ⋮ | |
| RON OTT AND OR EASTERN ELEVATOR SERVICE AND SALES COMPANY, | ⋮ | |
| Appellees | ⋮ | No. 930 WDA 2015 |

Appeal from the Judgment Entered May 27, 2015
In the Court of Common Pleas of Cambria County
Civil Division at No(s): 2010-2490

BEFORE:  OLSON, STABILE AND MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 27, 2016**

Appellant, Helen Jones, appeals from the judgment entered on May 27, 2015, following a jury verdict in favor of Ron Ott (Ott) and/or Eastern Elevator Service and Sales Company (collectively, Appellees).  We affirm.

The trial court briefly set forth the facts and procedural history of this case as follows:

> […Appellant] commenced [a] negligence action for injuries that she allegedly sustained relative to a July 2, 2008 motor vehicle accident.  At approximately 5:30 p.m. on this date, [Appellant] was operating her vehicle on State Route 219 near Ebensburg, and was allegedly struck from behind by [] Ott, who was operating a vehicle in his scope of employment as a maintenance technician for [] Eastern Elevator Service and Sales Company.  At trial, [Appellant] testified that as a result of the accident, she suffered injuries to her back and neck, which required various surgeries.  [Appellant] stated that she continues to experience pain, stiffness, and swelling in the neck and shoulder, for which she still remains under the care of her

treating physicians. Additionally, she alleged to be permanently disabled from employment as a registered nurse.

In response, [Appellees] asserted that they did not cause the accident, that the impact from the accident was not significant, and that both [Appellant] and [] Ott left the scene in their own vehicles without calling law enforcement. Moreover, [Appellees] argued that the accident did not cause [Appellant's] current medical condition. Finally, [Appellees] presented expert testimony that [Appellant] could return to work at certain types of jobs, and emphasized that [Appellant's] own doctors indicated that [Appellant] was healed from the various surgeries and could return to work with only minimal restrictions.

Trial Court Opinion, 8/10/2015, at 1-2. Following a three-day trial, a jury rendered a verdict in favor of Appellees on April 29, 2015. On May 8, 2015, Appellant filed a post-trial motion. The trial court denied relief by order entered on May 13, 2015. This timely appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

a. Whether the trial court erred in failing to charge the jury on [Appellant's] [p]oints of [c]harge regarding negligence *per se*?

b. Whether the trial court erred in failing to charge the jury on [Appellant's] [p]oints of [c]harge regarding [f]ollowing too closely[,] 75 Pa.C.S.A. § 3310 of the Pennsylvania Motor Vehicle Code?

_____

[1] Appellant filed a notice of appeal on June 12, 2015. On June 15, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on July 2, 2015. The trial court subsequently issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 10, 2015.

c. Whether the trial court erred in failing to charge the jury on [Appellant's] [p]oints of [c]harge regarding [d]riving at a safe speed[,] 75 Pa.C.S.A. § 3361 of the Pennsylvania Motor Vehicle Code?

d. Whether the jury's verdict that [Appellees] were not negligent was against the weight of the evidence?

Appellant's Brief at 4 (suggested answers omitted).

Appellant's first three issues challenge the trial court's failure to charge the jury with her "requested instructions regarding negligence *per se*, following too closely, and driving [] at a safe speed." *Id.* at 13. We will examine those issues together. Appellant claims that the trial court erred by determining her "proposed points [for] charge were not warranted because [the] parties' testimony varie[d] greatly as to how the accident happened" since "where there is disputed testimony, it is error not to instruct a jury that [Ott] was negligent *per se* if they believe a provision of the Motor Vehicle Code was violated." *Id.* at 14. Appellant asserts that the three aforementioned jury instructions should have been given "because there was factual support in the record that [Appellant] was established in her lane and [Ott] switched lanes and struck her from behind thereby failing to have due regard for other vehicles on the roadway and failing to bring his vehicle to a stop within the assured clear distance ahead." *Id.* Appellant claims that the trial court further erred when it found these issues waived because Appellant's counsel failed to make a specific objection in open court following the jury instructions. *Id.* at 15. Appellant maintains that she preserved the issues by filing written points for charge, which included the three requested

- 3 -

instructions above, and then filing a post-trial motion raising these same issues. *Id.* Appellant urges this Court not to consider the trial court's reference to off-the-record charge conference discussions in chambers because there is no transcript of the exchange and, therefore, it is not a part of the certified record. *Id.* at 16.

"Our standard of review regarding jury instructions is limited to determining whether the trial court committed a clear abuse of discretion or error of law which controlled the outcome of the case." ***Czimmer v. Janssen Pharmaceuticals, Inc.***, 122 A.3d 1043, 1052 (Pa. Super. 2015). Pennsylvania Rules of Civil Procedure 227 provides:

> (a) It shall not be necessary on the trial of any action or proceeding to take exception to any ruling of the trial judge. An exception in favor of the party against whom the adverse ruling was made shall be deemed to have been taken with the same force and effect as if it had been requested, noted by the official stenographer and thereafter written out, signed and sealed by the trial judge.
>
> (b) Unless specially allowed by the court, all exceptions to the charge to the jury shall be taken before the jury retires. On request of any party all such exceptions and arguments thereon shall be made out of hearing of the jury.

Pa.R.Civ.P. 227.

We have previously determined:

> Under Pa.R.C.P. 227(b), objections to jury instructions must be made before the jury retires to deliberate, unless the trial court specifically allows otherwise. Additionally, if a party fails to object specifically to a trial court's jury instruction, the objection is waived and cannot be raised in a subsequent appeal. Further, we will not consider a claim on appeal which was not called to the trial court's attention

- 4 -

at a time when any error committed could have been corrected. One must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

***Krepps v. Snyder***, 112 A.3d 1246, 1254–5125 (Pa. Super. 2015) (internal citations, quotations and brackets omitted).

Moreover, our Rules of Appellate Procedure provide, in pertinent part:

A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of.

Pa.R.A.P. 302(b). An appellant is also required to comply with Rules of Appellate Procedure 2117(c) and 2119(e) which specifically require that a party's brief contain, in both the statement of the case and the argument, specific reference to the place in the record where the raising or preserving of issues has occurred. ***See*** Pa.R.A.P. 2117(c); Pa.R.A.P. 2119(e); ***see also McNeil v. Owens-Corning Fiberglas Corp***., 680 A.2d 1145, 1149, (Pa. 1996) (failure to lodge a specific objection to the jury charge and to satisfy the requirements of Rules 2117(c) and 2119(e) results in waiver).

In this case, Appellant filed points for charge regarding negligence *per se*, following too closely, and driving at a safe speed. [Appellant's] Requested Points for Charge, 4/20/2015, at ¶¶ 4-6. However, because the charging conference was off the record and there were no notes of testimony transcribed, we may not consider what may or may not have transpired therein. This Court previously decided:

The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. In this regard, our law is the same in both the civil and criminal context[.]

*Parr v. Ford Motor Co.*, 109 A.3d 682, 695 (Pa. Super. 2014) (citations omitted).

We have also stated:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal. Pa.R.A.P. 1923. The purpose of Rule 1923 is to provide a reviewing court with an equivalent picture of the proceedings when there is no transcript of the proceedings available. Absent a transcript of the proceedings or a Rule 1923 summary of the proceedings, this Court is without an adequate record to decide whether the issue in question has merit and, as such, the issue is waived for purposes of appeal.

*Sovich v. Estate of Sovich*, 55 A.3d 1161, 1165 (Pa. Super. 2012) (internal citations, brackets, and some citations omitted). Without the ability to review what transpired at the charging conference, we cannot

discern whether Appellant objected to the trial court's decision to exclude the three points for charge at issue.

Moreover, after the trial court gave its instructions to the jury, it asked if "there [was] anything with the charge that [] either [party] want[ed] to put on the record?" N.T., 4/29/2015, at 25. Appellant's counsel responded, "I have no issues with the charge, Your Honor." *Id.* As Appellant responded in the negative when asked if any additions or corrections to the jury charge needed to be made, we find Appellant waived appellate review of her first three claims.[2]

_____

[2] We note that a plain reading of Pa.R.Civ.P. 227(b) does not make clear whether an objection in chambers suffices to preserve a jury instruction claim for appeal or whether objections must be renewed again before the jury retires. Regardless, as there is no record of the *in camera* proceedings before the trial court, we are unable to review what transpired at the charging conference and, therefore, we do not know whether the trial court denied the proposed points of charge or if Appellant acquiesced in their exclusion. We reject Appellant's reliance on our decision in *Meyer v. Union R. Co.*, 865 A.2d 857, 861 (Pa. Super. 2004) for the proposition that "when a written proposed point for charge is submitted to the court and the proposed charge is not included in the trial court's charge, if a post-trial motion is filed raising the court's refusal to instruct the jury on the proposed charge, the issue is preserved despite a failure to make a specific objection following the charge." Appellant's Brief at 15. As the trial court astutely noted:

> [I]n *Meyer*, the record contained discussions between the [c]ourt and counsel as to the charge conference, the requested point for charge, and an alternative requested point in the event the [c]ourt denied the original request. Here, the record is devoid of any discussion relative to the proposed charge.

*(Footnote Continued Next Page)*

In her final issue presented, Appellant claims the verdict was against the weight of the evidence. Appellant's Brief at 17-18. In sum, she avers:

> [Appellant] testified that she was established in the right lane on State Route 219 when she was struck from behind by [] Ott. [] Ott admitted in an automobile accident report completed immediately after the accident, that he switched into the slow lane and hit [Appellant's] vehicle in the slow lane in front of him. [Ott's] original statement was consistent with [Appellant's] testimony. [Ott] then stated in his deposition that he did not remember how the accident occurred. Then at trial for the first time [Ott] incredulously stated that [Appellant] merged into traffic in front of him. Presenting this theory, contrary to his prior statement, of

*(Footnote Continued)* ───────────

Trial Court Opinion, 8/10/2015, at 5, *citing* **Meyer**, 865 A.2d at 861 n.3.

We agree with the trial court's assessment. Moreover, our decision in **Meyer** relied upon our 1983 decision in **Brancato v. Kroger Co.**, 458 A.2d 1377 (Pa. Super. 1983). In **Brancato**, we relied exclusively on Rule 227(a) (without mention or analysis of subsection (b)) and concluded that an argument challenging a trial court's denial of a requested charge was preserved for review despite the plaintiff's failure to make a specific objection following the charge because the plaintiff previously submitted the request in writing and raised the court's denial of the requested points in a post-trial motion. Subsequent decisions have clarified **Brancato**, however, to conclude that the mere submission of a proposed charge is not enough to automatically preserve an appellate claim of instruction error, unless an express trial court ruling has been made. **See Thomas Jefferson University v. Wapner**, 903 A.2d 565, 571 (Pa. Super. 2006) (acquiescence to an alternate jury instruction made it "unnecessary for the court to rule[]."); **see also Faherty v. Gracias**, 874 A.2d 1239, 1249 (Pa. Super. 2005) ("[A] trial judge's **ruling** against a proposed charge will indeed preserve the issue for review. Yet, a **ruling** must be made.")(emphasis in original), *citing* Pa.R.Civ.P. 227(a)("An exception in favor of the party **against whom the adverse ruling was made** shall be deemed to have been taken[.]") Again, as noted previously, there is no transcript of the charging conference and no record evidence that the trial court expressly ruled against Appellant on her proposed points of charge.

how the accident occurred for the first time almost seven years after the accident was not credible.

*Id.* at 18.

The law pertaining to weight of the evidence claims is well-settled:

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Rosser*, 135 A.3d 1077, 1090 (Pa. Super. 2016).

Here, Appellant's claim is grounded entirely on her opinion that the jury should have given more weight to her testimony than the evidence offered by Appellees. We may not find that the trial court abused its discretion in rejecting his weight of the evidence claim under such circumstances. It was entirely within the jury's province as the finder-of-fact to weigh the testimony and credit or reject the evidence presented by Appellees. Accordingly, because Appellant cannot demonstrate that the verdict so shocked one's sense of justice as to lead to the conclusion that

the trial court abused its discretion in declining to grant relief, Appellant's last claim fails.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016