J-S13032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COUNTY RESTORATIONS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM SIMONE | : | No. 2325 EDA 2020 |

Appeal from the Order Entered November 4, 2020
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2020-C-0837

BEFORE:  OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:　　　　　　**FILED: JUNE 14, 2021**

County Restorations, LLC (County Restorations) appeals from the order entered in the Court of Common Pleas of Lehigh County (trial court) sustaining the preliminary objections filed by Adam Simone (Simone) to its amended complaint and dismissing the complaint.  County Restorations seeks payment from Simone of half of the $85,000.00 they both agreed to pay under a Settlement and Mutual Release Agreement (Settlement Agreement) to settle an employment non-compete action with a third party.   We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

**A.**

The relevant background and procedural history of this case are as follows. County Restorations is a Lehigh Valley company that performs remediation and restoration services for properties damaged by water, fire, storm, flooding and mold. Simone was hired by County Restorations but before he was employed there, he worked for RestoreCore (RestoreCore), a company that performs similar services.

When hired by RestoreCore, Simone executed a Noncompete and Confidentiality Agreement (Employment Agreement) which included post-employment restrictive covenants. After Simone left RestoreCore, he filed a declaratory judgment action seeking to have the Employment Agreement deemed unenforceable. RestoreCore filed counterclaims and sought a preliminary injunction against Simone and County Restorations because of Simone's alleged breach of the Employment Agreement.

On March 25, 2018, the parties entered a Settlement Agreement pursuant to which Simone and County Restorations were jointly and severally liable to pay $85,000.00 to RestoreCore. Specifically, the agreement states under the heading "Settlement Payment" that "Subject to the terms and **conditions** herein set forth, Defendants shall be obligated **jointly, severally and individually** to pay RestoreCore the sum of eighty-five thousand dollars and zero cents ($85,000.00)[.]" (Settlement Agreement, at 1, Paragraph

J-S13032-21

1(a)) (emphasis added). The Settlement Agreement provides for an initial lump sum payment of $20,000.00 to RestoreCore and for the remaining payments to be made in 24 monthly installments. It does not allocate a separate amount that Simone or Country Restorations are to pay as part of settlement, only that they are jointly and severally liable for the payment of the entire amount.

The Settlement Agreement also includes mutual releases whereby RestoreCore "**in consideration of the Settlement Payment** and other obligations set forth herein" released and discharged Simone and County Restorations from any and all claims associated with the declaratory judgment litigation, including Simone's release from the terms of his Employment Agreement. (*Id.* at 2, Paragraph 2) (emphasis added). Simone and County Restorations reciprocally released and discharged any claims against RestoreCore. The parties agreed to return certain confidential information that each of them may have had in their possession within five days of execution of the Settlement Agreement. The parties further agreed to keep the terms of the Settlement Agreement confidential, except for limited purposes. The agreement provided a notice requirement in the event of a default in payment, a means of curing the default and a liquid damages clause to remedy a violation of the agreement.

The Settlement Agreement also included a paragraph stating: "This document sets forth the entire agreement between the parties and fully

supersedes any and all prior agreements or understandings, written or oral, between the parties." (Settlement Agreement at 4, Paragraph 8(b)). The parties represented that: "**EACH PARTY CONSULTED WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND THAT EACH PARTY HAS CAREFULLY READ THIS AGREEMENT PRIOR TO SIGNING IT, FULLY UNDERSTANDS ITS TERMS, AND SIGNED IT VOLUNTARILY**." (*Id.* at 5, Paragraph 7) (emphasis in original).

**B.**

Sometime after the execution of the Settlement Agreement, Simone left his employment with County Restorations. County Restorations then brought an action against Simone contending that it paid a disproportionate amount of the payment to RestoreCore totaling $55,000.00, while Simone paid only $30,000.00 of the joint and several obligation. It contended that since Simone was the one that benefited from the transaction, he was required to pay the entire $85,000.00. Because it had paid $55,000.00, it sought that amount from Simone. In seeking that amount, it asserted two causes of action. In Count I, it contended that under Section 3116 of Pennsylvania's Uniform Commercial Code (PUCC), 13 Pa.C.S. § 3116, the Settlement Agreement was a negotiable and instrument[1] entitling it to contribution for payment amounts purportedly owed by Simone and, in Count II, for unjust enrichment.

---

[1] *See* 13 Pa.C.S. §§ 3101-3119 (governing negotiable instruments).

Simone filed preliminary objections averring that the obligation to RestoreCore was not a negotiable instrument, and even if were, the obligations under the Settlement Agreement had been satisfied so there was no obligation for which he was required to contribute. He also argued that there was no unjust enrichment because Country Restorations made payments that were for its own benefit because it was jointly and severally liable for the entire amount. Agreeing with Simone's arguments, the trial court sustained his preliminary objections and dismissed the action. This timely appeal followed. The trial court and County Restorations complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).[2]

## II.

County Restorations first challenges the trial court's ruling that the Settlement Agreement is not a negotiable instrument falling within the ambit

---

[2]

> In determining whether a trial court properly sustained preliminary objections granting a demurrer, we examine the averments in the complaint, together with the documents and exhibits attached thereto, to evaluate the sufficiency of the facts averred. The purpose of the inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. We will reverse the trial court where there has been an error of law or abuse of discretion. Because the trial court's decision to grant or deny a demurrer involves a matter of law, our standard of review is plenary. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Mercer v. Newell*, 2021 WL 1916957, at *3 (Pa. Super. filed May 13, 2021) (citations omitted).

of the PUCC. It argues that because Simone is jointly and severally liable for the settlement payment to RestoreCore, Section 3116(b) of the PUCC requires that he can be sued for contribution. Although County Restorations acknowledges that the Settlement Agreement includes obligations other than the payment to RestoreCore, it argues that these terms are separate promises made in addition to the payment provision, and that this payment was not conditional on fulfillment of these additional terms.

Section 3104 of the PUCC defines the term negotiable instrument and provides:

> (a) **Definition of "negotiable instrument"**.—Except as provided in subsections (c) and (d), "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> > (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> > (2) is payable on demand or at a definite time; and
>
> > (3) **does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money**, but the promise or order may contain:
>
> > > (i) an undertaking or power to give, maintain or protect collateral to secure payment;
>
> > > (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or
>
> > > (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

13 Pa.C.S. § 3104(a)(1)-(3)(iii) (emphasis added).

Accordingly, a negotiable instrument must: 1) be payable to bearer or to order at the time it is issued or first comes into possession of a holder; 2) be payable on demand or at a definite time; and 3) cannot state **any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money**. *See Sovich v. Estate of Sovich*, 55 A.3d 1161, 1164 (Pa. Super. 2012). Additionally, a negotiable instrument is capable of transfer by endorsement or delivery and provides a means of passing the rights of the holder to the transferee. *See id.*

Section 3116 of the PUCC provides for contribution as a remedy regarding joint and several liability:

> **(a) Joint and several liability.**—Except as otherwise provided in the instrument, two or more persons who have the same liability on an instrument as makers, drawers, acceptors, indorsers who indorse as joint payees, or anomalous indorsers are jointly and severally liable in the capacity in which they sign.

> **(b) Contribution.**—Except as provided in section 3419(e) (relating to instruments signed for accommodation) or by agreement of the affected parties, a party having joint and several liability who pays the instrument is entitled to receive from any party having the same joint and several liability contribution in accordance with applicable law.

13 Pa.C.S. § 3116(a)-(b).

In this case, the Settlement Agreement executed by Simone and County Restorations memorializes an agreement between them and RestoreCore to end the underlying declaratory judgment action and details the conditions of payment. The agreement contains several interdependent obligations and the

paragraph detailing the release by RestoreCore specifically states that this act is made "in consideration of the Settlement Payment." (Settlement Agreement at 2, Paragraph 2). Additionally, nothing in the document suggests that it was intended to be capable of transfer. *See Sovich*, *supra* at 1164. As the trial court explained:

> The Settlement Agreement is not a negotiable instrument and County Restorations cannot succeed on a cause of action arising out of Section 3116. The plain language of the Settlement Agreement contains far more than a mere promise to pay money. In addition to County Restorations and Simone agreeing to pay a certain amount of money to a third party, numerous other provisions and conditions were included in the Settlement Agreement. County Restorations, Simone and the third-party agreed to "fully and finally conclude all claims, causes of action, proceedings and disputes," return all confidential information to each other, discontinue prior litigation filed in Lehigh County and keep the terms of the settlement confidential. Consequently, the Settlement Agreement was not just an instrument for payment due by a certain date, but rather reflected the terms of a global settlement of the various claims held by three different entities/groups in connection with an underlying employment agreement. The Settlement Agreement was not a negotiable instrument.

(Trial Court Opinion, 11/04/20 at 2, n.1) (record citations omitted).

Because we agree with the trial court that the Settlement Agreement was not a negotiable instrument under the PUCC, the associated statutory remedy of contribution for joint and several liability is unavailable to County Restorations.

**III.**

County Restorations next contends that the trial court erred in finding that the Settlement Agreement constitutes a writing between it and Simone

which would foreclose his claim based on unjust enrichment. While it recognizes that they were both parties to the Settlement Agreement, it contends that because the Settlement Agreement was silent with respect to allocation of the $85,000.00 payment, there was no written agreement between them precluding an award based on unjust enrichment.

"Unjust enrichment is essentially an equitable doctrine." *Gutteridge v. J3 Energy Grp., Inc.*, 165 A.3d 908, 916 (Pa. Super. 2017) (citation and quotation marks omitted). Courts sitting in equity hold broad powers to grant relief that will result in an equitable resolution of a dispute and must formulate a remedy that is consistent with the relief requested. *See id.*

A claim for unjust enrichment arises from a quasi-contract. *See id.* "A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, **but in spite of the absence of an agreement**, when one party receives unjust enrichment at the expense of another." *Id.* (emphasis added). "The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Id.* (citation omitted). "Critically, **the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement** or express contract." *Wilson v.*

*Parker*, 227 A.3d 343, 353 (Pa. Super. 2020) (citation omitted; emphasis added).

In making the contention that its claim for unjust enrichment is not founded on the Settlement Agreement, County Restorations ignores that the agreement obligates both of them to pay that amount because settling the dispute was for the benefit of both parties, as well as making each of them jointly, severally and individually liable for that amount. In rejecting County Restorations' claim for unjust enrichment, the trial court reasoned that:

> This dispute is governed by the express terms of the written agreement. The Settlement Agreement clearly provides that the parties intended to "resolve and fully and finally conclude all claims, causes of action, proceedings and disputes between the Parties" and that the Settlement Agreement "sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings, written or oral, between the parties." The parties could have negotiated and included a payment allocation provision in the Settlement Agreement, but they voluntarily chose not to do so. That County Restorations is now dissatisfied with the terms of the Settlement Agreement is of no consequence. The court can neither disregard the Settlement Agreement nor read into it a term that the parties did not bargain for. Moreover, both County Restorations and Simone benefitted from the Settlement Agreement. Simone was relieved of the restrictions imposed on him by his employment contract with a third-party and County Restorations was able to hire and employ Simone without the risk of litigation by the third-party. County Restorations cannot, as a matter of law, succeed on a cause of action for unjust enrichment.

(Trial Ct. Op., at 2-3, n.1).

We agree with the trial court that the relationship between parties is clearly founded upon a written agreement, *i.e.*, the Settlement Agreement and the doctrine of unjust enrichment is, therefore, inapplicable. *See Wilson*,

*supra* at 353. The parties could have included a payment allocation provision in the document or could have executed a companion agreement but elected not to do so after consultation with their respective attorneys. In fact, the Settlement Agreement states that "Defendants shall be obligated jointly, severally and **individually** to pay RestoreCore the sum of eighty-five thousand dollars and zero cents ($85,000.00)[.]" (Settlement Agreement, at 1, Paragraph 1(a)). County Restorations and Simone expressly agreed that this document set forth "the entire agreement between the parties and fully supersedes any and all prior agreements or understandings, written or oral, between the parties." (Settlement Agreement, at 4, Paragraph 8(b)). The parties also represented that each of them had consulted with legal counsel before executing the agreement and had fully reviewed and understood all its terms. (*See id.* at 5, Paragraph 7).

Based on the foregoing, we conclude that the trial court did not err in sustaining Simone's preliminary objections and in dismissing this action.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/14/21</u>