J-A17032-22

2022 PA Super 147

| HELLENIC CAPITAL, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VAN TRAN | : | |
| | : | |
| Appellant | : | No. 2356 EDA 2021 |

Appeal from the Order Entered October 18, 2021
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2020-007785

BEFORE: PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                        **FILED AUGUST 23, 2022**

Appellant, Van Tran (Defendant), appeals from an order of the Court of Common Pleas of Delaware County (trial court) denying his petition to open a confessed judgment in the amount of $136,800.97 entered by Hellenic Capital, LLC (Plaintiff) against him on two judgment notes. For the reasons set forth below, we affirm.

The judgment notes at issue here were executed by Defendant in connection with Defendant's 2018 purchase from Michael Mihos and Mark Klein (Sellers) of the membership interests and stock of two entities that owned and operated the Llanerch Diner at 15 Township Line Road, Upper Darby, Pennsylvania. On April 3, 2018, Defendant entered into a Limited Liability Company Interest Purchase Agreement (the LLC Purchase Agreement) with Sellers to purchase their 100% membership interest in Mikie

_____

[*] Retired Senior Judge assigned to the Superior Court.

Mike & Markie Mark, LLC (the LLC), which was the owner of the 15 Township Line Road property, for $350,000. LLC Purchase Agreement at 1-3. On the same day, Defendant entered into a Stock Purchase Agreement with Sellers to purchase their 100% of the shares of stock of Sin Jin Dining Corp. (the Corporation), which owned the trade name "Llanerch Diner" and furniture, fixtures and equipment for the restaurant, for $400,000. Stock Purchase Agreement at 1-3.

The $350,000 purchase price for the LLC consisted of Defendant's assumption of a mortgage on 15 Township Line Road that had a principal balance of $196,000 and payment of $77,000 to each seller under separate installment judgment notes. LLC Purchase Agreement at 3-4. The $400,000 purchase price for the Corporation consisted of Defendant's assumption of the Corporation's accounts payable, sales taxes, and real estate taxes, which totaled $163,000, payment of $100,000 to Seller Mihos at closing, and payments $18,500 to Seller Mihos and $118,500 to Seller Klein under separate installment judgment notes. Stock Purchase Agreement at 3-4. Sellers represented in the purchase agreements that there were no debts or claims against the LLC and the Corporation other than those disclosed in the agreements. LLC Purchase Agreement at 10 ¶10(g); Stock Purchase Agreement at 10 ¶11(g).

On April 3, 2018, in accordance with the LLC Purchase Agreement and the Stock Purchase Agreement, Defendant executed an installment judgment

note obligating him to pay $77,000 to Seller Mihos in 84 installments (the Mihos LLC Note) and a second installment judgment note obligating him to pay $18,500 to Seller Mihos in 84 installments (the Mihos Stock Purchase Note). Both of these notes authorized confession of judgment for the entire unpaid balance, plus interest, legal fees, and costs of suit in the event that Defendant defaulted. Mihos LLC Note at 3-4; Mihos Stock Purchase Note at 3-4. Defendant on the same day executed a Confession of Judgment Disclosure and Acceptance Statement with respect to each of the notes. On June 19, 2018, Plaintiff paid Mihos $55,118.48 for the Mihos LLC Note, the Mihos Stock Purchase Note, the LLC Purchase Agreement, and the Stock Purchase Agreement and Mihos assigned both notes, both agreements and the confession of judgment disclosure and acceptance statements for the notes to Plaintiff. Mihos 6/19/18 Assignment.

In June 2018, Defendant learned that a $56,998.25 mechanics lien had been filed on March 5, 2018 against 15 Township Line Road property with respect to a claim against the LLC and the Corporation. N.T. at 29-30; 3/5/18 Mechanic's Lien. On July 2, 2018, Defendant's attorney sent Plaintiff a letter advising that Defendant had learned of the mechanics lien, that Sellers had not disclosed the lien, and that Defendant was making all further payments on the notes into escrow to set off the amount of the lien until the lien was satisfied by Sellers. 7/2/18 Mylonas Letter. Defendant did not make the July 2018 payments on the Mihos LLC Note and Mihos Stock Purchase Note to

Plaintiff and made no payments on those two installment judgment notes after July 2018.

On November 12, 2020, Plaintiff entered a judgment by confession against Defendant on the two notes in the amount of $136,800.97. On December 14, 2020, Defendant filed a petition to open the confessed judgment in which he asserted that he had a meritorious defense to Plaintiff's claims for payment under the Mihos LLC Note and Mihos Stock Purchase Note because Sellers' non-disclosure of the mechanic's lien was a breach of the LLC Purchase Agreement and Stock Purchase Agreement.[1]

The trial court held a hearing on the petition to open on August 10, 2021. By order entered on October 18, 2021, the trial court denied the petition to open. The trial court concluded that the petition to open was timely and that Defendant had a meritorious defense against Sellers. Trial Court Opinion at 8; N.T. at 54. The trial court held, however, that Defendant had no defense to Plaintiff's claims because the Mihos LLC Note and Mihos Stock Purchase Note were negotiable instruments and Plaintiff was a holder in due course not subject to such defenses against Sellers. Trial Court Opinion at 8-10. Defendant timely appealed the trial court's denial of his petition to open the confessed judgment.

_____

[1] Defendant also petitioned to strike the confessed judgment, but does not challenge the trial court's denial of his petition to strike in this appeal. Appellant's Brief at 8 n.4.

- 4 -

A petition to open a confessed judgment may be granted if the petitioner 1) acts promptly to open the judgment, 2) alleges a meritorious defense, and 3) can produce sufficient evidence to require submission of the case to a jury. *SDO Fund II D32, LLC v. Donahue*, 234 A.3d 738, 742 (Pa. Super. 2020); *Neducsin v. Caplan*, 121 A.3d 498, 506 (Pa. Super. 2015). We may reverse an order denying a petition to open a confessed judgment only if the court below has abused its discretion or committed an error of law. *Atlantic National Trust, LLC v. Stivala Investments, Inc.*, 922 A.2d 919, 923 (Pa. Super. 2007).

Because the trial court denied the petition to open on the ground that Defendant did not satisfy the requirement of a meritorious defense, the issues before us relate only to the question whether the defense that Defendant raised can be a meritorious defense to Plaintiff's claims under the notes. Defendant asserts two arguments in this appeal: 1) that his defense is meritorious because the notes were not negotiable instruments and that Plaintiff therefore was not a holder in due course and 2) that, even if Plaintiff was a holder in due course, his defense is meritorious because the LLC Purchase Agreement and Stock Purchase Agreement were part of the same transaction as the notes and Plaintiff was also an assignee of those purchase agreements. We conclude that neither of these arguments has merit.

Under Pennsylvania's Uniform Commercial Code (UCC), a holder of a note is a holder in due course if the note is a negotiable instrument that does

not bear evidence of apparent forgery or alteration and the holder took it for value in good faith, without notice that it is overdue, has been dishonored, contains an unauthorized signature, or has been altered, and without notice of any competing claim or defense to payment. 13 Pa.C.S. § 3302(a) (defining requirements for holder of an "instrument" to be a holder in due course); 13 Pa.C.S. § 3104(b) (defining "instrument" as "negotiable instrument"); *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1265-66 (Pa. Super. 2013); *see also Triffin v. Dillabough*, 716 A.2d 605, 611-12 (Pa. 1998).

The trial court held that the Mihos LLC Note and Mihos Stock Purchase Note were negotiable instruments and found that Plaintiff was a holder in due course because it paid approximately $56,000 in good faith for the notes and had no involvement in the underlying transaction. Trial Court Opinion at 9-10. The trial court's determination that Plaintiff paid value for the notes without notice of any defects in or problems with the notes and without notice of any defenses to payment is supported by the record. N.T. at 33, 49-50, 55-56. Defendant does not dispute that these requirements were satisfied and argues that Plaintiff was not a holder in due course solely on the ground that the notes are not "negotiable instruments." Appellant's Brief at 16.

The UCC defines a "negotiable instrument" as:

an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

- 6 -

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:

(i) an undertaking or power to give, maintain or protect collateral to secure payment;

(ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or

(iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

13 Pa.C.S. § 3104(a). A note is therefore a negotiable instrument if it 1) is payable to bearer or payable to order; 2) is payable on demand or at a definite time; and 3) does not require any other undertaking other than the payment of money. **PHH Mortgage Corp. v. Powell**, 100 A.3d 611, 616-17 (Pa. Super. 2014); **JP Morgan Chase Bank**, 63 A.3d at 1265-66 (Pa. Super. 2013); **Sovich v. Estate of Sovich**, 55 A.3d 1161, 1164 (Pa. Super. 2012).

The Mihos LLC Note and Mihos Stock Purchase Note satisfy all three of these requirements. A note that is payable to the order of an identified person or payable to an identified person is payable to order. 13 Pa.C.S. § 3109(b)(2); **PHH Mortgage Corp.**, 100 A.3d at 617; **Sovich**, 55 A.3d at 1164. Both the Mihos LLC Note and Mihos Stock Purchase Note state that Defendant promises to pay the amount of the note to the order of Mihos, an identified person. Mihos LLC Note at 1; Mihos Stock Purchase Note at 1. Both notes are payable at a definite time, as the notes set forth when payment of

each the installments is to be made.  Mihos LLC Note at 1; Mihos Stock Purchase Note at 1.

The notes also do "not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money." 13 Pa.C.S. § 3104(a)(3).  While the notes reference the purchase agreements, they do not set forth any agreement by Defendant to do anything other than pay the installments on the notes, which is payment of money, or set forth any agreement by anyone else to perform any act.  The references in the notes to the LLC Purchase Agreement and Stock Purchase Agreement state that Defendant's failure to perform under those purchase agreements is an event of default and that those purchase agreements are security for the notes.  Mihos LLC Note at 3, 5; Mihos Stock Purchase Note at 3, 5.  Section 3104(a)(3) specifically provides that a negotiable instrument may include "an undertaking or power to give, maintain or protect collateral to secure payment."  13 Pa.C.S. § 3104(a)(3)(i).  These provisions and the language in both notes that sale of the 15 Township Line Road property or sale of the business or its assets without the payee's consent are events of default, Mihos LLC Note at 3; Mihos Stock Purchase Note at 3, relate to the providing of security for payment of the notes and therefore do not alter the notes' negotiability.

Because the notes constitute negotiable instruments and Plaintiff paid value for the notes and had no notice of any defects in or defenses to the

notes, the trial court did not err in holding that Plaintiff was a holder in due course.

Defendant's argument that his defense can be asserted against a holder in due course also fails. A holder in due course of a negotiable instrument is not subject to defenses of an obligor with whom the holder has not dealt, except for the defenses of infancy, duress, lack of capacity, illegality, fraud in inducing the obligor to sign the instrument without knowledge of the instrument's essential terms, and discharge in insolvency proceedings. 13 Pa.C.S. § 3305(a)(1), (b). Defendant does not contend that his defense falls within any of these enumerated defenses. Indeed, Defendant asserted at the hearing on his petition to open that he does not claim that Sellers' non-disclosure of the mechanic's lien constituted fraud. N.T. at 40.

Rather, his defense is that he is entitled to reduce his obligations under the notes because of Sellers' breach of the LLC Purchase Agreement and the Stock Purchase Agreement. That is precisely the type of defense from which the UCC protects a holder in due course. Section 3305(a) of the UCC provides that other contract defenses and defenses of recoupment for claims against the original payee arising from the same transaction may be asserted against holders of negotiable instruments who are not holders in due course. 13 Pa.C.S. § 3305(a)(2), (3). Section 3305(b), however, expressly provides that those other contract and recoupment defenses cannot be asserted against a holder in due course. 13 Pa.C.S. § 3305(b).

Defendant nonetheless contends that his defense may be asserted against a holder in due course under Section 3117 of the UCC. Plaintiff argues that this issue was not raised below and is therefore waived. We agree. Defendant not only did not reference Section 3117 in his briefs in the trial court, he made no argument that his defense could be asserted against a holder in due course, instead arguing only, on the issue of whether the UCC barred his defense, that the UCC did not apply because the notes were not negotiable instruments. Defendant's Supplemental Brief at 6-8. Because Defendant did not raise this issue before the trial court, he may not now raise it as ground for reversal. Pa.R.A.P. 302(a); **Murray v. American Lafrance, LLC**, 234 A.3d 782, 786-87 (Pa. Super. 2020) (*en banc*).

Moreover, even if the issue were not waived, Defendant's Section 3117 argument is without merit. Section 3117 provides:

> Subject to applicable law regarding exclusion of proof of contemporaneous or previous agreements, the obligation of a party to an instrument to pay the instrument may be modified, supplemented or nullified by a separate agreement of the obligor and a person entitled to enforce the instrument if the instrument is issued or the obligation is incurred in reliance on the agreement or as part of the same transaction giving rise to the agreement. To the extent an obligation is modified, supplemented or nullified by an agreement under this section, the agreement is a defense to the obligation.

13 Pa.C.S. § 3117. This provision does not provide a defense against Plaintiff's claim as a holder in due course for two reasons.

First, this language provides a defense only "[t]o the extent an obligation is modified, supplemented or nullified" by the related agreement.

Defendant here does not assert that the LLC Purchase Agreement or Stock Purchase Agreement contains any provisions that themselves modified, supplemented, or nullified his obligations under the notes. Rather, his defense is based on Sellers' breach of their obligations under the LLC Purchase Agreement and Stock Purchase Agreement.

Second, the defense provided by Section 3117 does not apply to holders in due course. Section 3305(a)(2) provides that "a defense of the obligor stated in another section of this division" may be asserted against holders of negotiable instruments who are not holders in due course. 13 Pa.C.S. § 3305(a)(2). Section 3305(b) provides that a holder in due course "is not subject to defenses of the obligor stated in subsection (a)(2)." 13 Pa.C.S. § 3305(b). The defense provided by Section 3117 is "a defense …. stated in another section of this division" and therefore, under Sections 3305(a)(2) and 3305(b), is a defense that may be asserted only against a plaintiff who is not a holder in due course.

For the foregoing reasons, the trial court did not err in holding that the notes on which Plaintiff confessed judgment were negotiable instruments, that Plaintiff was a holder in due course, and that Defendant's defense of Sellers' breach of the LLC Purchase Agreement and Stock Purchase Agreement was not a meritorious defense to Plaintiff's claims. Accordingly, we affirm the order of the trial court denying Defendant's petition to open Plaintiff's confessed judgment.

Order affirmed.

President Judge Panella joins the opinion.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022